■ RICHARD TSCHERNIA et al., Appellants, v EMBANQUE CAPITAL CORPORATION et al., Respondents.—In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Di Noto, J.), dated March 6, 1989, which denied their motion to strike the defendants' answer pursuant to CPLR 3126 based on the defendants' noncompliance with a prior order of the same court dated January 27, 1988, directing them to produce certain loan files.

Ordered that the order is modified, by (1) deleting the provision thereof which determined that the defendants had complied with the order dated January 27, 1988, directing them to produce certain loan files, and substituting therefor a provision directing the defendants to produce files relating to "closed" loans recorded in the defendant's log book for the period of May 1, 1985, through and including November 26, 1985, wherein the initials of the plaintiffs are identified with the particular file; (2) adding a provision thereto directing the defendant's counsel to personally pay $2,500 to the plaintiffs,

and (3) adding a provision thereto that if the aforementioned loan files are not produced, and the $2,500 in sanctions is not paid, the plaintiffs' motion to strike the defendants' answer pursuant to CPLR 3126 is granted; as so modified, the order is affirmed, with costs to the plaintiffs; and it is further,

Ordered that the defendants' time to produce the files and their counsel's time to pay the $2,500 sanction is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

By summons and verified complaint dated August 21, 1986, the plaintiffs commenced suit alleging, *inter alia,* that the defendant Embanque Capital Corporation (hereinafter Embanque), a mortgage lender, wrongfully declined to pay commissions earned by the plaintiffs, who had solicited mortgage applicants on Embanque's behalf. The plaintiffs subsequently sought disclosure of certain files maintained by the defendants with respect to loans solicited by the plaintiffs. Although three orders were ultimately issued directing the defendants to disclose the records and loan files, none have, to date, been produced. Instead, the defendants produced a so-called loan "bible", and a steno book, containing loan documentation allegedly derived from certain of the files which the court had originally directed the defendants to disclose.

After the defendants declined to produce the files, the plaintiffs moved, *inter alia,* to strike the defendants' answer pursuant to CPLR 3126. Although the court had previously specifically directed the defendants to produce the loan files, it nevertheless concluded that by producing the loan "bible", the defendants had complied even though none of the separate files had ever been disclosed. We conclude otherwise.

The defendants have failed to proffer a viable excuse supporting their refusal to disclose the "closed" files bearing the plaintiffs' initials for the period in question. Although the defendants have belatedly argued that the files pertaining to applications where no loan was made are no longer in existence, there is no dispute that files relating to loan applications which were granted exist and are presently in the defendants' possession. These files must be disclosed. The Supreme Court's determination to the contrary rewards the defendants' dilatory conduct by sanctioning the unilateral substitution of secondarily compiled materials for the files which they were originally directed to produce.

However, the drastic sanction of striking the defendants' answer is inappropriate at this juncture. It is well settled that

such a sanction "should not be invoked unless the resisting party's default is clearly shown to be deliberate and contumacious" *(Read v Dickson,* 150 AD2d 543, 544; *Lowitt v Burton I. Korelitz, M.D., P. C.,* 152 AD2d 506). While the record supports an inference of deliberate and dilatory conduct, the defendants nevertheless produced relevant documentation pertaining to "closed" loan files. We note in this respect that the plaintiffs have not specified precisely what information necessary to establish their entitlement to commissions was omitted from the loan "bible" which was produced. In light of the foregoing, the defendants should be afforded one final opportunity to disclose the files pertaining to applications where loans were made, i.e., the so-called "closed files" *(see, Zletz v Vilca,* 144 AD2d 300).

Insofar as the record discloses, the defendants delayed until after the court had issued three orders compelling discovery of the loan records and files before claiming that certain of these records were no longer in existence, i.e., records and files pertaining to loan applicants solicited by the plaintiffs to whom loans were never made. While the issuance of a directive compelling the production of nonexistent records may be inappropriate, we nevertheless conclude that the defendants' failure to immediately apprise the court that certain records were unavailable materially contributed to the delay and expense of disclosure, meriting the imposition of a $2,500 monetary sanction payable by the defense counsel personally to the plaintiffs *(see, Wells Fargo Alarm Servs. v Consumers Distrib.,* 150 AD2d 372; *Rosner v Blue Channel Corp.,* 131 AD2d 654; *River Park Assocs. v Meyerbank Elec. Co.,* 116 AD2d 709). Mangano, P. J., Brown, Kooper and Harwood, JJ., concur.