■ RICHARD B. DYE, Respondent, v CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., et al., Appellants. [710 NYS2d 83] —In an action, *inter alia,* to recover damages for breach of contract, promissory estoppel, and age discrimination, the defendants appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated March 25, 1999, which denied their motion, *inter alia,* pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleadings must be liberally construed (*see,* CPLR 3026; *Mayer v Sanders,* 264 AD2d 827). Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the court must determine only whether the facts as alleged fit within any cognizable

legal theory (*see, Leon v Martinez,* 84 NY2d 83, 87-88; *Morone v Morone,* 50 NY2d 481; *Rovello v Orofino Realty Co.,* 40 NY2d 633). The complaint here stated causes of action to recover damages for age discrimination, breach of contract, and promissory estoppel. (The plaintiff, in his brief, has withdrawn the cause of action to recover damages for "tortious interference with prospective economic advantage".)

The defendants contend that the cause of action based on age discrimination must be dismissed as barred by the Statute of Limitations. However, the allegations in the complaint, if proven, would establish a continuous violation (*see, Brennan v City of White Plains,* 1998 WL 75692 [US Dist Ct, SD NY, Feb. 20, 1998, Sweet, J.]). Therefore, the cause of action to recover damages for age discrimination should not be dismissed as time-barred. S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.