■ STANLEY STEIN et al., Respondents-Appellants, v 92ND STREET YM-YWHA, INC., Appellant-Respondent. [710 NYS2d 68] —Order, Supreme Court, New York County (Emily Goodman, J.), entered September 27, 1999, which, in an action arising out of a nursery school's purported discrimination against the disabled infant plaintiff, insofar as appealed and cross-appealed from, granted defendant's motion to dismiss the complaint pur-

suant to CPLR 3211 only to the extent of dismissing plaintiffs' claims for retaliation, sustaining plaintiffs' various remaining causes of action for violation of anti-discrimination laws, breach of contract and intentional infliction of emotional distress, unanimously modified, on the law, to grant defendant's motion to the further extent of dismissing the causes of action for intentional infliction of emotional distress, and otherwise affirmed, without costs.

We affirm the denial of defendant's motion insofar as it sought dismissal of plaintiffs' discrimination claims, other than the claims for retaliation, since the allegations of the complaint, when accepted as true and given the benefit of every favorable inference as they must be on a motion to dismiss pursuant to CPLR 3211 (see, e.g., Leon v Martinez, 84 NY2d 83), adequately state claims for defendant's denial of the use of its facilities and for its denial of accommodations, advantages or privileges to the infant plaintiff by reason of her disability (see, Executive Law § 296 [4], [2] [a]; see also, Administrative Code of City of NY § 8-107 [4] [a]). We note that the denials about which plaintiffs complain are not "strictly educational or pedagogic in nature" so as to remove them from the purview of the Administrative Code's anti-discrimination provisions pursuant to Administrative Code § 8-107 (4) (f).

Plaintiffs' breach of contract claims were also properly sustained. Although we recognize that "[w]hen a private school expels a student 'based on facts within its knowledge that justify the exercise of discretion', then a court may not review this decision and substitute its own judgment" (Hutcheson v Grace Lutheran School, 132 AD2d 599, quoting Matter of Carr v St. John's Univ., 17 AD2d 632, 634), and that the school contract here at issue afforded defendant considerable latitude to request the withdrawal of a student "consistent with the best interests of the school and the child," defendant has thus far made no showing that there were facts within its knowledge that would have justified an exercise of discretion to compel the infant plaintiff's withdrawal from its nursery school, or that it had knowledge of such facts as would have reasonably justified the conclusion that expulsion of the child was consistent with the child's best interests.

The motion court did not address the causes of action for intentional infliction of emotional distress. Those claims should be dismissed, since defendant's behavior, even as alleged, was not sufficiently outrageous to support a cause of action for intentional infliction of emotional distress.

The court properly dismissed the retaliation causes of action,

since plaintiffs offered only highly speculative allegations in support of those claims. Concur—Williams, J. P., Tom, Ellerin and Andrias, JJ.