■ MICHELLE SAN JUAN, Appellant-Respondent, v ROBERT LEACH, Defendant, and DEF JAM MUSIC GROUP, INC., et al., Respondents-Appellants. [717 NYS2d 334] —In an action, *inter alia*, to recover damages for hostile work environment sexual harassment and discriminatory retaliation pursuant to New York State Executive Law article 15 and title 8 of the Administrative Code of the City of New York, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated September 15, 1999, as granted that branch of the motion of the defendants Def Jam Music Group, Inc., Def Jam Recording Group, Inc., and Polygram Group Distribution, Inc., which was to dismiss her causes of action based on hostile work environment sexual harassment insofar as asserted against them, and the defendants Def Jam Music Group, Inc., Def Jam Recording Group, Inc., and Polygram Group Distribution, Inc., cross-appeal from so much of the same order as denied those branches of their motion which were to dismiss the plaintiff's causes of action based on discriminatory retaliation insofar as asserted against them, or to dismiss the complaint insofar as asserted against the defendant Polygram Group Distribution, Inc., and granted the plaintiff's cross motion to amend her complaint.

Ordered that the appeal by the defendants Def Jam Music Group, Inc., and Def Jam Recording Group, Inc., from so much of the order as denied that branch of the motion which was to dismiss the complaint insofar as asserted against the defendant Polygram Group Distribution, Inc., is dismissed, without costs or disbursements, as those defendants are not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the causes of action based on hostile work environment sexual harassment and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff commenced this action pursuant to the New York State Human Rights Law against her immediate supervisor, the defendant Robert Leach, and her employers the defendants Def Jam Music Group, Inc., Def Jam Recording Group, Inc., and Polygram Group Distribution, Inc. (hereinafter collectively Def Jam), alleging, *inter alia*, hostile work environment sexual harassment and discriminatory retaliation. She alleged that on one occasion, while she and Leach were traveling for business purposes, Leach entered her

bedroom while she slept and climbed into her bed, attempting to kiss and touch her. On another occasion, as Leach drove her home after a business event, he exposed and fondled his genitals and attempted to make the plaintiff touch him. In addition, Leach occasionally made inappropriate comments to the plaintiff in the work place. The plaintiff alleged that all of these acts were offensive to her.

We disagree with the Supreme Court that these incidents, while few in number, were not sufficiently severe or pervasive to state a cause of action to recover damages for hostile work environment sexual harassment. Generally, isolated remarks or occasional episodes of harassment will not merit relief under the New York State Executive Law or the Administrative Code (*see, Harris v Forklift Sys.,* 510 US 17, 21; *Tomka v Seiler Corp.,* 66 F3d 1295, 1305, n 4, 5; *see, Carrero v New York City Hous. Auth.,* 890 F2d 569, 577-578). If the alleged conduct, however, is "extraordinarily severe," a single incident of sexual assault may create a hostile environment (*see, Cruz v Coach Stores,* 202 F3d 560, 570; *see also, Tomka v Seiler Corp., supra,* at 1305 ["(E)ven a single incident of sexual assault sufficiently alters the conditions of the victim's employment and clearly creates an abusive work environment"]; *Wahlstrom v Metro-North Commuter R. R. Co.,* 89 F Supp 2d 506; *Yaba v Roosevelt,* 961 F Supp 611, 620 [plaintiff stated a sufficient claim to defeat motion to dismiss where she alleged single, "serious incident (which) if credited by a jury, could be judged sufficient to have created a hostile or offensive working environment"]).

To be actionable, the alleged conduct must be both objectively and subjectively offensive, such that a reasonable person would find the behavior hostile or abusive, and such that the plaintiff herself, did, in fact, perceive it to be so (*see, Harris v Forklift Sys., supra,* at 21-22; *Wahlstrom v Metro-North Commuter R. R., Co., supra,* at 520). Here, the plaintiff alleged specific conduct which could be found by a jury to have the effect of poisoning the work relationship and environment to such a degree that the plaintiff would never again be able to properly focus on her duties, or be at ease in her job working closely with Leach. Since the plaintiff's burden to survive a motion to dismiss is de minimis (*see, Tomka v Seiler Corp., supra,* at 1308; *Yaba v Roosevelt, supra,* at 621), and the complaint alleges specific serious and offensive acts by an immediate superior, the plaintiff has sufficiently stated a cause of action alleging hostile work environment sexual harassment (*see, Distasio v Perkin Elmer Corp.,* 157 F3d 55).

The Supreme Court properly denied that branch of Def Jam's

motion which was to dismiss the plaintiff's causes of action based on discriminatory retaliation. The allegations of the complaint, when accepted as true and given the benefit of every favorable inference (*see,* CPLR 3211), adequately state causes of action based upon Def Jam's alleged elimination of the plaintiff's position as Leach's assistant in retaliation for her sexual harassment complaint (*see, Quinn v Green Tree Credit Corp.,* 159 F3d 759, 769).

The Supreme Court properly denied that branch of Def Jam's motion which was to dismiss the complaint insofar as asserted against Polygram Group Distribution, Inc. (hereinafter PGD), since the plaintiff submitted sufficient proof that PGD may have been her employer (*see, Pampillonia v RJR Nabisco,* 138 F3d 459, 461; *Goyette v DCA Adv.,* 830 F Supp 737, 744; *Alie v Nynex Corp.,* 158 FRD 239, 246).

Def Jam's remaining contention is without merit. Ritter, J. P., Altman, H. Miller and Smith, JJ., concur.