■ LONG ISLAND GYNECOLOGICAL SERVICES, P.C., et al., Respondents, v JOHN T. MURPHY et al., Defendants, and RICHARD WILSON, Appellant. [748 NYS2d 776] —In an action, inter alia, to permanently enjoin the defendants from trespassing on the plaintiffs' property, the defendant Richard Wilson appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated May 9, 2001, which granted the plaintiffs' motion for summary judgment permanently enjoining the defendants from trespassing on their property.

Ordered that the order is affirmed, with costs.

The plaintiff Long Island Gynecological Services, P.C., is a reproductive healthcare facility which leases space on the second floor of a building owned by the plaintiff 1103 Stewart Avenue Associates. Long Island Gynecological Services, P.C., performs abortions on the premises.

The defendant Richard Wilson regularly sat on a lawn chair or kneeled near the main entrance to the building in an effort to prevent patients from entering the premises to obtain abortions. Wilson also videotaped people on more than 10 occasions between October 23, 1998, and October 1999. Wilson was repeatedly asked to leave by the building manager. The plaintiffs commenced this action against Wilson and others alleging that they trespassed on their private property for the purpose of preventing women from entering the premises to obtain abortions.

Liability for civil trespass requires the factfinder to consider whether the person, without justification or permission, either intentionally entered upon another's property, or, if entry was permitted, that the person refused "to leave after permission to remain ha[d] been withdrawn" (*Rager v McCloskey,* 305 NY 75, 79). The threat of continuing trespass entitles a property owner to injunctive relief where irreparable injury may result (*see Exchange Bakery & Rest. v Rifkin,* 245 NY 260; *New York State Natl. Org. for Women v Terry,* 886 F2d 1339, *cert denied* 495 US 947).

Here, the plaintiffs presented evidence establishing that Wilson committed a civil trespass. Wilson failed to submit sufficient evidence to establish the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). The Supreme Court properly granted the plaintiffs' motion for summary judgment permanently enjoining the defendants from trespassing on their property.

Wilson's remaining contentions are without merit. Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.