■ PETER VEKIARELLIS, Respondent, v PALL CORPORATION et al., Appellants. [754 NYS2d 565] —In an action, inter alia, to recover damages for discrimination based on sex pursuant to the New York State Human Rights Law (Executive Law art 15), the defendants appeal from an order of the Supreme Court,

Nassau County (Davis, J.), dated February 8, 2002, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the second cause of action insofar as asserted against the defendant Pall Corporation, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Accepting the allegations in the complaint as true and according the plaintiff the benefit of every favorable inference, the first cause of action sufficiently alleges hostile work environment sexual harassment and retaliatory firing in violation of Executive Law § 296 (*see San Juan v Leach,* 278 AD2d 299; *Walsh v Covenant House,* 244 AD2d 214).

The second cause of action to recover damages for intentional infliction of emotional distress also is sufficiently pleaded against the individual defendant (*see Murphy v ERA United Realty,* 251 AD2d 469). However, that cause of action should have been dismissed against the corporate defendant (*see Stallings v U.S. Elecs.,* 270 AD2d 188).

Although the defendants' motion was made pursuant to CPLR 3211 (a) (7) and not CPLR 3211 (a) (5), they contended that the second cause of action was barred by the statute of limitations. However, they failed to establish as a matter of law that the second cause of action is time-barred.

It is unnecessary to address the defendants' remaining contention which, in any event, is improperly raised for the first time on appeal in their reply brief. Altman, J.P., Smith, McGinity and Townes, JJ., concur.