MARGARET ORTEGA et al., Respondents, v BISOGNO & MEYERSON et al., Appellants. [769 NYS2d 279]—

In an action, inter alia, to recover damages for employment discrimination pursuant to Executive Law § 296, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated June 24, 2002, as denied those branches of their motion which were for leave to serve an amended answer and for summary judgment dismissing the first, second, fourth, sixth, seventh, and ninth causes of action, and granted those branches of the plaintiffs' cross motion which were for the imposition of a sanction upon the defendants' attorney pursuant to CPLR 3126 and for the imposition of a sanction upon the defendants pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for leave to serve an amended answer and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the first, second, fourth, sixth, seventh, and ninth causes of action and substituting therefor a provision granting that branch of the motion which was for summary judgment dismissing the sixth,

seventh, and ninth causes of action, and otherwise denying that branch of the motion with leave to renew as to all the remaining causes of action, and (3) deleting the provisions thereof granting those branches of the cross motion which were for the imposition of a sanction upon the defendants' attorney pursuant to CPLR 3126 and a sanction upon the defendants pursuant to 22 NYCRR 130-1.1 and substituting therefor provisions denying those branches of the cross motion; as so modified the order is affirmed insofar as appealed from, with costs, and the proposed amended answer, in the form annexed to the defendant's moving papers, is deemed served upon the plaintiffs upon service of a copy of this decision and order.

The plaintiffs commenced this action, inter alia, to recover damages for employment discrimination pursuant to Executive Law § 296 against their employers, the defendants Patrick Bisogno and Michael Meyerson and the defendant law firm Bisogno & Meyerson, alleging, inter alia, quid pro quo and hostile work environment sexual harassment, and intentional infliction of emotional distress.

A claim of sexual harassment may proceed on the theory that the discriminatory conduct was so pervasive as to alter the conditions of the victim's employment, to wit, a hostile work environment, or on the theory that unwelcome sexual advances or other sexual conduct was the quid pro quo for promotions and other employment conditions (see 29 CFR 1604.11 [a] [2]; *Matter of Fella v County of Rockland,* 297 AD2d 813 [2002]). The defendants have established their entitlement to judgment as a matter of law with respect to the sexual harassment claims set forth by the plaintiff Yvette Rodriguez. In opposition, Rodriguez failed to present any evidence sufficient to show the existence of a factual question on that issue. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the sixth cause of action in the complaint, asserted by the plaintiff Rodriguez. We further conclude that the alleged conduct of the defendants was insufficient as a matter of law to support the seventh and ninth causes of action in the complaint, asserted by the plaintiff Rodriguez. Accordingly, the defendants' motion should have been granted insofar as it sought dismissal of those causes of action (see generally *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the first, second, and fourth causes of action in the complaint, asserted by the plaintiff Margaret Ortega. Even as-

suming, arguendo, that the defendants met their burden, we conclude that Ortega offered sufficient evidentiary proof that Bisogno made unwelcome physical and verbal sexual advances so as to raise triable issues of fact with respect to Ortega's sexual harassment and assault claims (*see generally San Juan v Leach,* 278 AD2d 299 [2000]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights,* 221 AD2d 44 [1996]). The proof submitted by Ortega was also sufficient to raise an issue of fact as to whether or not she suffered from emotional distress as a result of Bisogno's alleged sexual harassment (*see generally Alvarez v Prospect Hosp., supra*).

However, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was for leave to serve an amended answer. Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (*see generally Fahey v County of Ontario,* 44 NY2d 934 [1978]; *Leszczynski v Kelly & McGlynn,* 281 AD2d 519, 520 [2001]). Here, the defendants moved promptly for leave to amend their answer upon learning of Ortega's bankruptcy proceeding, and she was unable to show any surprise or prejudice. Nor does it appear that the proposed amendment is patently devoid of merit (*see Goldstein v St. John's Episcopal Hosp.,* 267 AD2d 426 [1999]; *Hansen v Madani,* 263 AD2d 881 [1999]; *DeLarco v DeWitt,* 136 AD2d 406 [1988]; *Quiros v Polow,* 135 AD2d 697 [1987]). The proposed amended answer, in the form annexed to the moving papers, shall be deemed served upon service on the plaintiffs of a copy of this decision and order.

The Supreme Court improvidently exercised its discretion in imposing monetary sanctions against the defendants and their attorneys on the ground that they unnecessarily delayed depositions and engaged in frivolous conduct. The defendants' requests to adjourn their depositions over a four-month period did not cause a material delay in the prosecution of the case (*see Tschernia v Embanque Capital Corp.,* 161 AD2d 585 [1990]). Likewise, the defendants did not engage in frivolous conduct within the meaning of 22 NYCRR 130.1-1 (a). Furthermore, in light of our determination, there is no basis to impose a sanction upon the defendants for pursuing a frivolous appeal, as the plaintiffs request (*see* 22 NYCRR 130-1.1). Florio, J.P., Friedmann, H. Miller and Mastro, JJ., concur.