OPINION OF THE COURT
David I. Schmidt, J.
*928 Defendants Kevin Kay and Coastal Sheet Metal Corporation move for an order, pursuant to CPLR 3211 (a) (7), dismissing plaintiff’s complaint for failure to state a claim upon which relief can be granted.
From approximately June 18, 2003 through January 20, 2004, plaintiff was employed by Coastal as an apprentice sheet metal worker. In her complaint, plaintiff claims that upon commencement of her employment on June 18, 2003, Kay, a coworker, began an immediate and continual course of sexually harassing conduct toward her. Plaintiff asserts that Kay’s alleged harassment created a hostile work environment and that Coastal retaliated against plaintiff because of her participation in protected activities, resulting in the loss of her position in violation of the New York State Constitution and New York state and city laws.
Specifically, plaintiff outlines four allegedly harassing comments made to her by Kay on three separate occasions: (1) “Will you be my personal model?”; (2) “When are you going to give me your phone number?”; (3) “Let me know when you’re coming back to the shop so I can take my ring off’; and (4) “Will you be able to keep your hands off me when you come back?” Plaintiff does not allege that any physical harassment or bodily contact ever occurred. The first comment is alleged to have been made in August 2003 at Coastal’s shop, the second in late October or early November of 2003, the third on or about January 13, 2004, and the last on January 20, 2004. Although plaintiff does not describe her reaction to the first comment, she asserts that after Kay asked for her phone number she responded that she did not date coworkers or married men. After the third comment, plaintiff allegedly responded that she was going to “report” Kay. She does not specify to whom she was threatening to report Kay’s behavior.
Plaintiff was terminated from her position on January 20, 2004. She asserts that her termination was retaliatory since it occurred approximately one week after she threatened to report Kay.* Although plaintiff claims that she was terminated because she threatened to report Kay, she also asserts in her complaint that she “made numerous complaints to the defendant, Coastal Sheet Metal Corp., its agents, servants and/or employees.” Plaintiff alleges that Kay’s statements were designed to compel plaintiff to submit to Kay’s sexual advances and to create a *929 hostile work environment, rendering plaintiff’s submission to such alleged advances and to a hostile work environment a term or condition of her employment.
In support of their motion to dismiss, defendants argue that even if all of plaintiffs allegations are accepted as true, plaintiff fails to state a viable cause of action for sexual harassment, since the subject remarks were too mild, innocuous, and isolated to rise to the level of sexual harassment. Defendants assert that the incidents alleged by plaintiff do not meet the threshold requirements to merit relief under any of the applicable laws.
In a motion to dismiss for failure to state a cause of action, the court must accept as true the facts alleged in the pleading and accord plaintiff the benefit of every possible inference (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144 [2002]). If factual allegations are discerned which manifest any cause of action cognizable at law, the motion to dismiss must be denied (Maldonado v Olympia Mech. Piping & Heating Corp., 8 AD3d 348 [2004]).
Pursuant to New York State Human Rights Law (Executive Law § 296 [1] [a]) and New York City Human Rights Law (Administrative Code of City of NY § 8-107 et seq.), it is unlawful for an employer to discriminate in its employment practices against any person on the basis of sex or gender. Title VII of the Civil Rights Act of 1964 (42 USC § 2000e et seq.) also prohibits discrimination on the basis of sex or gender. Since the standards of proof are the same to prove a claim of discrimination under New York’s Executive Law and title VII, courts apply the same analysis to both types of claims (see Lucas v South Nassau Communities Hosp., 54 F Supp 2d 141 [1998]).
Sexual discrimination which establishes a hostile work environment constitutes a violation of title VII and Executive Law § 296 (see Lamar v Nynex Serv. Co., 891 F Supp 184 [1995]; San Juan v Leach, 278 AD2d 299 [2000]). In order to establish the existence of a hostile work environment, a plaintiff must show that the workplace was permeated with discriminatory insults, ridicule, and intimidation and that the conduct complained of was severe and pervasive enough to alter the conditions of the victim’s employment (see Tomka v Seiler Corp., 66 F3d 1295 [1995]; Baliva v State Farm Mut. Auto. Ins. Co., 286 AD2d 953 [2001]). Unless the alleged conduct is extraordinarily severe, isolated remarks or occasional episodes of harassment will not merit relief (see San Juan, 278 AD2d at 300).
Whether an environment is hostile depends on the totality of the circumstances; in determining whether a workplace environ *930 ment is hostile, courts must consider “the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee’s work performance” (Quinn v Green Tree Credit Corp., 159 F3d 759, 767-768 [1998], quoting Harris v Forklift Sys., Inc., 510 US 17, 23 [1993]). “[T]he incidents of harassment must occur in concert or with a regularity that can reasonably be termed pervasive” (id. at 768). To establish the existence of a hostile environment, the plaintiff must show “more than a few isolated incidents, and cannot rely solely on casual comments or trivial events and sporadic conversation” (Christoforou v Ryder Truck Rental, Inc., 668 F Supp 294, 301 [1987] [internal quotation marks and citations omitted]). “To be actionable, the alleged conduct must be both objectively and subjectively offensive, such that a reasonable person would find the behavior hostile or abusive, and such that the plaintiff herself, did, in fact, perceive it to be so” (San Juan, 278 AD2d at 300).
Here, plaintiff has alleged that Kay made four unwelcome comments over a six-month period. Accepting all of the plaintiffs allegations as true, none of the alleged incidences of verbal harassment, taken alone, was sufficiently severe to constitute a hostile work environment. When viewed as a whole, the comments did not occur with a regularity that could be deemed pervasive. Nor should such comments have unreasonably interfered with plaintiffs work performance, particularly since plaintiff and Kay did not work closely together; plaintiff describes working on a job site at American Airlines, while Kay stayed mainly in the shop. The four comments were isolated, not continuous, and while the comments were distasteful, none was overtly sexual in nature (see Spina v Our Lady of Mercy Med. Ctr., 2003 WL 22434143, 2003 US Dist LEXIS 19091 [SD NY, Oct. 23, 2003] [six incidents of verbal harassment within 15 months that could not be construed as sexually suggestive or explicit not enough to constitute hostile work environment]). Each of the comments constituted “mere offensive utterance[s]” when analyzed from the standpoint of a reasonable person, and are thus not actionable (see Quinn, 159 F3d at 768). Four isolated, relatively mild comments fail to demonstrate that the workplace was permeated with hostility (see Legnani v Alitalia Linee Aeree Italiane, S.P.A., 1997 WL 642556, 1997 US Dist LEXIS 16151 [SD NY, Oct. 16, 1997] [four or five incidences of verbal harassment and physical gestures over two-month period *931 insufficient to create hostile work environment]; Christoforou, 668 F Supp at 301 [three incidences of verbal harassment over a year and a half did not create actionable hostile environment]; Lucas, 54 F Supp 2d at 149 [several incidences of unwelcome nonsexual physical contact and five or more incidences of verbal harassment do not create prima facie showing of hostile work environment]).
In her complaint, plaintiff also makes a claim that she was fired in retaliation for engaging in a protected activity. “To establish a prima facie case for retaliation, plaintiff must show that she participated in a protected activity known to defendants, an employment action disadvantaging plaintiff was taken, and that there was some causal connection between the adverse action and the protected activity” (see Spina, 2003 WL 22434143, *4, 2003 US Dist LEXIS 19091, *12). While plaintiff did suffer an adverse employment action when she was terminated from her position, she has not made a prima facie showing that she participated in a protected activity or that any causal connection existed between the adverse action and the alleged protected activity.
In her complaint, plaintiff states that she complained numerous times to her supervisors or employer regarding Kay’s allegedly harassing comments. She also alleges that she was fired several days after threatening to report Kay. Since plaintiff had reported Kay in the past without any retaliatory action being taken, she fails to make a showing that threatening to report Kay resulted in her termination. Even though Kay’s father was the owner of the company, plaintiff makes no causal connection between her threat to report Kay and the decision by Kay’s father to terminate her employment approximately one week later. Plaintiff does not claim that she participated in a protected activity, such as filing a complaint with the New York State Commission on Human Rights or with the Equal Employment Opportunity Commission (EEOC) (see Cosgrove v Sears, Roebuck & Co., 9 F3d 1033 [1993] [filing complaint with EEOC is protected activity for purposes of title VII retaliation claim]).
Even accepting plaintiffs allegations as true and conferring upon the plaintiff the benefit of every possible inference, plaintiffs complaint fails to state a claim upon which relief can be granted.
Defendants’ motion to dismiss is granted.

 Kay is the son of Larry Kay, the owner of Coastal.