■ MAUREEN DUNLEAVY, Appellant-Respondent, v HILTON HALL APARTMENTS Co., LLC, et al., Respondents-Appellants. [789 NYS2d 164]—

In an action, inter alia, to recover damages for housing discrimination based on sex and marital status in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated November 15, 2002, as granted that branch of the defendants' motion which was to dismiss the first cause of action pursuant to CPLR 3211 (a) (7), and the defendants cross-appeal from so much of the same order as denied those branches of their motion which were to dismiss the second and third causes of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was to dismiss the first cause of action is denied; and it is further,

Ordered that order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), the court must accept as true the factual allegations of the complaint and accord the plaintiff all favorable inferences which may be drawn therefrom (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *Dye v Catholic Med. Ctr. of Brooklyn & Queens,* 273 AD2d 193 [2000]). If the plaintiff can succeed upon any reasonable view of the allegations, the complaint may not be dismissed (*see Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester,* 282 AD2d 561, 562 [2001]). Under this standard, the plaintiff's first cause of action was improperly dismissed, and dismissal of the second and third causes of action was correctly denied.

The first cause of action, seeking to recover damages for housing discrimination, inter alia, alleged that the plaintiff was asked to vacate her apartment for failure to give the defendants a key to her apartment, while male or married tenants who also failed to provide a key were not asked to leave. The Human Rights Law states that "It shall be an unlawful discriminatory practice for the owner, lessee, sublessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation, constructed or to be constructed, or any agent or employee thereof . . . To discriminate against any person because of . . . sex . . . marital status, or familial status in the terms, conditions or privileges of the sale, rental or lease of any such housing accommodation or in the furnishing of facilities or services in connection therewith" (Executive Law § 296 [5] [a] [2]). Therefore, to make out a prima facie case of housing discrimination, the complaint must allege that the plaintiff was a member of a protected group, that she was qualified to lease the premises, that she was asked to vacate the premises, and that this occurred under circumstances which give rise to an inference of unlawful discrimination (*see generally Sogg v American Airlines,* 193 AD2d 153, 156 [1993]; *Broome v Biondi,* 17 F Supp 2d 211 [SD NY 1997]). The plaintiff's allegations were sufficient to make out a claim of housing discrimination, but only to the extent that they were based upon the plaintiff's sex and marital status. Therefore, that branch of the motion which was to dismiss the first cause of action pursuant to CPLR 3211 (a) (7) should not have been granted.

The Supreme Court properly denied those branches of the defendants' motion which were to dismiss the second and third causes of action to recover damages for trespass and intentional infliction of emotional distress (*see 164 Mulberry St. Corp. v Columbia Univ.,* 4 AD3d 49, 56-57 [2004]; *Long Is. Gynecological Servs. v Murphy,* 298 AD2d 504 [2002]).

The parties' remaining contentions are without merit. Florio, J.P., Smith, Crane and Rivera, JJ., concur.