■ Umit Kaptan et al., Appellants, v Ilene Danchig, Respondent. [796 NYS2d 706]—

In an action, inter alia, to recover damages for employment discrimination pursuant to Executive Law § 296 and the Administrative Code of the City of New York § 8-107, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated May 18, 2004, as granted those branches of the defendant's motion which were for summary judgment dismissing the first, second, third, fourth, and fifth causes of action.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were for summary judgment dismissing so much of the first and third causes of action as alleged a hostile work environment and constructive discharge based on religion and national origin and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and so much of the first and

third causes of action as alleged a hostile work environment and constructive discharge based on religion and national origin are reinstated.

The plaintiff Umit Kaptan (hereinafter the plaintiff) and her husband Akin Kaptan (collectively the plaintiffs) are Turkish and practicing Muslims. The plaintiff previously was employed by the defendant. The plaintiffs commenced this action, inter alia, to recover damages for employment discrimination pursuant to Executive Law § 296 and Administrative Code of the City of New York § 8-107, alleging, among other things, that the plaintiff was subjected to a hostile work environment, constructively discharged, and unlawfully retaliated against. The plaintiffs claimed that the defendant subjected the plaintiff to constant and repeated disparaging comments related to her sex, religion, and national origin, which significantly increased after the September 11, 2001, terrorist attacks, culminating in the defendant giving the plaintiff a denigrating "gag gift" during the 2001 Christmas holiday season. The defendant successfully moved for summary judgment dismissing the complaint.

Contrary to the plaintiffs' contention, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the second and fourth causes of action, alleging that the defendant was liable for unlawful retaliation. After the defendant established its prima facie entitlement to summary judgment on those causes of action, the plaintiffs failed to raise a triable issue of fact as to whether there was a causal connection between a protected activity and any alleged adverse employment action (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]).

However, contrary to the defendant's contention, the Supreme Court improperly granted summary judgment dismissing so much of the first and third causes of action as alleged hostile work environment and constructive discharge based on religion and national origin. The defendant's alleged repeated comments about the plaintiff's religion were more than insulting and insensitive, especially during Ramadan (*see Spence v Maryland Cas. Co.*, 995 F2d 1147, 1155 [1993]; *O'Dell v Trans World Entertainment Corp.*, 153 F Supp 2d 378, 389 [2001]), and her alleged comments about Muslims, which escalated after September 11, 2001, occurred more than a few isolated times (*see Snell v Suffolk County*, 782 F2d 1094, 1103 [1986]). The defendant failed to satisfy her prima facie burden with respect to so much of the first and third causes of action as alleged a hostile work environment based on religion and national origin, as the plaintiff's workplace was "permeated with discriminatory

intimidation, ridicule, and insult" that was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment" (*Forrest v Jewish Guild for the Blind, supra* at 310, quoting *Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]; *see Stetson v NYNEX Serv. Co.*, 995 F2d 355, 361 [1993]). Further, although the defendant demonstrated a prima facie entitlement to summary judgment with respect to so much of the first and third causes of action as alleged constructive discharge, in opposition, the plaintiffs raised a triable issue of fact as to whether the plaintiff's resignation was prompted by an intolerable work environment (*see O'Dell v Trans World Entertainment Corp., supra* at 393-394).

Nevertheless, the Supreme Court properly determined that the defendant demonstrated her entitlement to summary judgment dismissing so much of the first and third causes of action as alleged hostile work environment based on sex, as the isolated "prostitute" comment was insufficient to sustain such a claim. In opposition, the plaintiffs failed to raise a triable issue of fact. Cozier, J.P., Ritter, Santucci and Luciano, JJ., concur.