■ Oakwood Realty Corp., Plaintiff, v HRH Construction Corporation, Defendant and Third-Party Plaintiff-Appellant, Liberty Mutual Insurance Company, Appellant, et al., Defendants. Koehler Masonry Corp., Third-Party Defendant-Respondent. [798 NYS2d 89]—

In an action to recover damages for breach of contract, the defendant HRH Construction Corporation and the defendant third-party defendant Liberty Mutual Insurance Company appeal from (1) an order of the Supreme Court, Suffolk County (Oliver, J.), dated April 11, 2003, which granted the motion of the third-party plaintiff Koehler Masonry Corp. for summary judgment on its claim against HRH Construction Corporation and on the first cause of action of its third-party complaint asserted against Liberty Mutual Insurance Company, and denied their cross motion for leave to serve an amended answer, and (2) a judgment of the same court entered February 18, 2004, which is in favor of Koehler Masonry Corp. and against them in the principal sum of $175,443.

Ordered that the appeal from the order dated April 11, 2003, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the cross motion is granted, and the order dated April 11, 2003, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to HRH Construction Corporation and Liberty Mutual Insurance Company.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant HRH Construction Corp. (hereinafter HRH) was the general contractor and the third-party plaintiff Koehler Masonry Corp. (hereinafter Koehler) was a subcontractor with respect to the construction of a health care facility owned by the plaintiff. The defendant third-party plaintiff Liberty Mutual Insurance Company (hereinafter Liberty Mutual) issued a performance bond covering the project.

On its motion for summary judgment on its claim against HRH and on the first cause of action of its third-party complaint asserted against Liberty Mutual, Koehler established its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New*

*York*, 49 NY2d 557 [1980]) by submitting evidence that it had satisfactorily completed the work required pursuant to the subcontract but had not been paid in full for its work. In opposition, however, HRH and Liberty Mutual raised a triable issue of fact by submitting evidence that some of the work performed by Koehler was not satisfactory and that certain actions by Koehler may have caused damage to them by delaying the entire project. The Supreme Court erred, therefore, in granting Koehler's motion for summary judgment.

Further, the Supreme Court improvidently exercised its discretion in denying the cross motion of HRH and Liberty Mutual for leave to serve an amended answer to include a claim for delay damages against Koehler. Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided that the amendment is not palpably insufficient and does not prejudice or surprise the opposing party (*see Ortega v Bisogno & Meyerson*, 2 AD3d 607 [2003]). The claim proposed was not palpably insufficient, the delay in asserting it was brief, and Koehler failed to show that it would be prejudiced or surprised by the claim.

The remaining contention of HRH and Liberty Mutual need not be considered. H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.