DEBORAH MITCHELL, Appellant, v TAM EQUITIES, INC., et al., Respondents. [812 NYS2d 611]—

In an action, inter alia, to recover damages for discrimination on the basis of race and sex in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an

order of the Supreme Court, Kings County (Schneier, J.), dated October 18, 2004, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first, second, third, and fifth causes of action in the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting (a) those branches of the motion which were on behalf of the defendants Homebridge Mortgage Bankers, Jim Clooney, Paul A. Levine, Phil Reilly, Jordan M. Harris, and Scott Harris, to dismiss the first and third causes of action insofar as asserted against them pursuant to CPLR 3211 (a) (7), and (b) that branch of the motion which was on behalf of the defendants Homebridge Mortgage Bankers, Jordan M. Harris, and Scott Harris, to dismiss the fifth cause of action insofar as asserted against them pursuant to CPLR 3211 (a) (7), and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements, the plaintiff's first and third causes of action are reinstated insofar as asserted against the defendants Homebridge Mortgage Bankers, Jim Clooney, Paul A. Levine, Phil Reilly, Jordan M. Harris, and Scott Harris, and the plaintiff's fifth cause of action is reinstated insofar as asserted against the defendants Homebridge Mortgage Bankers, Jordan M. Harris, and Scott Harris.

The plaintiff, a black female, commenced the instant action against her employer, the defendant Homebridge Mortgage Bankers (hereinafter Homebridge), and numerous coworkers and supervisors alleging, inter alia, that they violated Executive Law § 296 (1) (a) by committing racial and sexual harassment, creating a hostile work environment, and thus unlawfully discriminating against her in the terms and conditions of her employment based on her race and sex. She also alleged that these defendants, along with several others, retaliated by taking adverse employment action against her in response to complaints she made to her supervisors about the harassment. The Supreme Court granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, finding that the plaintiff failed to state a cause of action against any of the defendants. We modify and partially reinstate the complaint against several of the defendants as described herein.

On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the facts alleged in the complaint must be accepted as true, and the plaintiff must be accorded the benefit of every possible favorable inference (see *511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98

NY2d 144, 151-152 [2002]; *Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]; *Wieder v Skala,* 80 NY2d 628, 631 [1992]; *Kenneth R. v Roman Catholic Diocese of Brooklyn,* 229 AD2d 159, 161-162 [1997], *cert denied* 522 US 967 [1997]).

Applying these principles to the instant case, the Supreme Court erred in dismissing all of the causes of action asserted in the complaint (*see Sinensky v Rokowsky,* 22 AD3d 563, 564 [2005]; *Dunleavy v Hilton Hall Apts. Co., LLC,* 14 AD3d 479, 480 [2005]; *Stein v 92nd St. YM-YWHA,* 273 AD2d 181, 182 [2000]).

In the first instance, the plaintiff stated causes of action against Homebridge pursuant to Executive Law § 296 (1) (a) to recover damages for discrimination in the terms and conditions of her employment on the basis of her sex and race, and pursuant to Executive Law § 296 (7) to recover damages for its retaliation in responding to her complaints of discrimination.

The plaintiff alleged, in her complaint, that her coworkers, the defendants Scott Harris and Jordan M. Harris, routinely, repeatedly, and over a significant period of time, directed sexually and racially offensive language at her. She asserted that she repeatedly told them to refrain from such behavior, and complained to her supervisors about the behavior, but that the behavior continued, unaddressed and consciously ignored by Homebridge's management. The plaintiff further alleged that the environment at her place of employment consequently became intolerable, and that, as a result, she felt constrained to leave her employment with Homebridge. Because the complaint expressly alleged that the challenged conduct occurred on more than a few isolated occasions, but instead pervaded the workplace (*see Harris v Forklift Systems, Inc.,* 510 US 17, 21 [1993]; *Meritor Savings Bank, FSB v Vinson,* 477 US 57, 67 [1986]; *Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 310-311 [2004]; *Kaptan v Danchig,* 19 AD3d 456, 457 [2005]; *see also Cruz v Coach Stores, Inc.,* 202 F3d 560, 570 [2000]; *cf. Ortega v Bisogno & Meyerson,* 2 AD3d 607, 608-609 [2003]), and that Homebridge acquiesced in or condoned the conduct (*see Matter of State Div. of Human Rights v St. Elizabeth's Hosp.,* 66 NY2d 684, 687 [1985]; *Matter of Totem Taxi v New York State Human Rights Appeal Bd.,* 65 NY2d 300, 305 [1985]; *Brennan v Metropolitan Opera Assn.,* 284 AD2d 66, 75 [2001]; *Vitale v Rosina Food Prods.,* 283 AD2d 141, 143 [2001]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights,* 221 AD2d 44, 55 [1996]; *Goering v NYNEX Info. Resources Co.,* 209 AD2d 834, 834 [1994]; *Spoon v American Agriculturalist,* 120 AD2d 857, 858 [1986]; *cf. Matter of State*

*Univ. of N.Y. at Albany v State Human Rights Appeal Bd.,* 81 AD2d 688, 689 [1981], *affd* 55 NY2d 896 [1982]), the complaint states a cause of action pursuant to Executive Law § 296 (1) (a), based on sex and race harassment that creates a hostile work environment. Hence, the Supreme Court erred in granting that branch of the motion which was to dismiss the plaintiff's first cause of action insofar as asserted against Homebridge (*see Vekiarellis v Pall Corp.,* 302 AD2d 377, 378 [2003]; *San Juan v Leach,* 278 AD2d 299, 300 [2000]; *Randall v Tod-Nik Audiology,* 270 AD2d 38 [2000]; *Walsh v Covenant House,* 244 AD2d 214, 215 [1997]).

In addition, the plaintiff asserted in her complaint that after she protested the offensive conduct to her supervisors, certain of those supervisors retaliated against her by, among other things, arbitrarily reprimanding her, personally berating her in front of her subordinates, refusing to permit her normal lunch and personal breaks during long work days, and compelling her to return to work against medical advice after an injury, all of which further compelled her to leave her employment with Homebridge. Because the complaint alleged that the plaintiff engaged in a protected activity by protesting harassment to her supervisors, that Homebridge knew that she was engaged in the protected activity, that the plaintiff suffered various forms of adverse employment action, and that the adverse action was causally connected to her earlier complaints, the complaint states a cause of action against Homebridge pursuant to Executive Law § 296 (7), based on unlawful retaliation (*see Romney v New York City Tr. Auth.,* 8 AD3d 254, 254 [2004]; *see also Distasio v Perkin Elmer Corp.,* 157 F3d 55, 66 [1998]; *Dooner v Keefe, Bruyette & Woods, Inc.,* 157 F Supp 2d 265, 283 [2001]; *Tagare v NYNEX Network Sys. Co.,* 921 F Supp 1146, 1153 [1996]; *Hernandez v Bankers Trust Co.,* 5 AD3d 146, 148 [2004]). Consequently, the Supreme Court erred in granting that branch of the motion which was to dismiss the plaintiff's third cause of action insofar as asserted against Homebridge.

On the other hand, the complaint contains no factual allegations to support the plaintiff's assertion that, by virtue of being undervalued, she suffered discrimination in the terms and conditions of her employment on the basis of sex or race. Thus, the Supreme Court properly dismissed the plaintiff's second cause of action.

The Supreme Court also erred, however, in granting that branch of the motion which was to dismiss the plaintiff's first and third causes of action insofar as asserted against the defendants Jim Clooney, Paul A. Levine, Phil Reilly, Jordan M.

Harris, and Scott Harris. "However imperfectly, informally or even illogically the facts may be stated, a complaint, attacked for insufficiency, is deemed to allege 'whatever can be implied from its statements by fair and reasonable intendment' " (*Condon v Associated Hosp. Serv.*, 287 NY 411, 414 [1942], quoting *Kain v Larkin*, 141 NY 144, 151 [1894]). Hence, although the plaintiff's coworkers and immediate supervisors are not "employers" within the meaning of Executive Law § 292 (5), and thus cannot be held personally liable for a violation of Executive Law § 296 (1) (a) (*see Patrowich v Chemical Bank*, 63 NY2d 541 [1984]), the plaintiff alleged facts sufficient to state a cause of action against her coworkers and supervisors pursuant to Executive Law § 296 (6), which imposes liability upon individuals who aid and abet an employer that commits employment discrimination in violation of Executive Law § 296 (1) (a) (*see Strauss v New York State Dept. of Educ.*, 26 AD3d 67 [2005]; *Nesathurai v University at Buffalo, State Univ. of N.Y.*, 23 AD3d 1070 [2005]; *Murphy v ERA United Realty*, 251 AD2d 469, 471-472 [1998]; *D'Amico v Commodities Exch.*, 235 AD2d 313, 315 [1997]; *Peck v Sony Music Corp.*, 221 AD2d 157 [1995]; *cf. Trovato v Air Express Intl.*, 238 AD2d 333 [1997]). The plaintiff's first and third causes of action should thus be reinstated insofar as asserted against the defendants Jim Clooney, Paul A. Levine, and Phil Reilly. Those causes of action should also be reinstated insofar as asserted against the defendants Jordan M. Harris and Scott Harris, but only insofar as they apply to conduct in which Jordan M. Harris is alleged to have aided and abetted Homebridge in discriminatory behavior engaged in by Scott Harris, and conduct in which Scott Harris is alleged to have aided and abetted Homebridge in discriminatory behavior engaged in by Jordan M. Harris (*see Strauss v New York State Dept. of Educ., supra*).

The Supreme Court also erred in granting that branch of the motion which was to dismiss the plaintiff's fifth cause of action insofar as asserted against Homebridge, insofar as that cause of action asserted that she was constructively discharged for opposing its discriminatory practices (*see* Executive Law § 296 [1] [e]; *Chertkova v Connecticut Gen. Life Ins. Co.*, 92 F3d 81, 89 [1996], *cert denied* 531 US 1192 [2001]; *Stetson v NYNEX Serv. Co.*, 995 F2d 355, 360 [1993]; *Dooner v Keefe, Bruyette & Woods, supra* at 283; *Kaptan v Danchig, supra* at 458). Moreover, the plaintiff sufficiently stated a cause of action against the defendants Jordan M. Harris and Scott Harris for aiding and abetting Homebridge in constructively discharging her from employment by making the atmosphere in the workplace intolerable (*see Kaptan v Danchig, supra* at 458).

As to the putative liability of Homebridge's parent corporation, the defendant TAM Equities, Inc. (hereinafter TAM), "[a] parent corporation will not be held liable for the torts or obligations of a subsidiary unless it can be shown that the parent exercised complete dominion and control over the subsidiary" (*Potash v Port Auth. of N.Y. & N.J.*, 279 AD2d 562, 562 [2001]). The plaintiff has not alleged that TAM exercised such dominion and control over the daily operations of Homebridge, and has propounded no basis to believe that facts indicative of such a relationship of dominion and control exist, or are within the exclusive control of the moving defendants. The Supreme Court thus correctly granted that branch of the motion which was to dismiss the entire complaint insofar as asserted against TAM. Similarly, there is no basis for imposing liability upon Homebridge's sister corporation, the defendant Hometrust Mortgage Bankers, or upon Homebridge's principals, the defendants Michelle Bratsafolis and Nicholas Bratsafolis, as there are no allegations in the complaint describing what direct role, if any, those parties had in the events underlying this action. The Supreme Court thus properly granted those branches of the motion which were to dismiss the complaint insofar as asserted against those defendants. Adams, J.P., Crane, Spolzino and Dillon, JJ., concur.