■ Timothy Glasser et al., Respondents, v American Homes of Clifton Park Division of American Homes, Inc., Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Travers, J.), entered December 29, 1987 in Rensselaer County, which denied defendant's motion to vacate a default judgment entered against it.

In 1984 plaintiffs purchased a three-bedroom residence, referred to variously as a mobile home and a double section house, from defendant. On July 22, 1986 plaintiffs commenced this action asserting breach of warranty claims by service of a summons and complaint upon the Secretary of State. Defendant failed to answer. By letter dated October 8, 1986, plaintiffs' counsel informed defendant that he planned to apply for a default judgment and, on May 8, 1987, did so. After an inquest upon written proof of damages, a judgment was granted and entered in the Rensselaer County Clerk's office on August 17, 1987, awarding plaintiff $14,750 plus costs and disbursements; defendant's counsel received a copy of the default judgment on August 28, 1987. Thereafter, on October 29, 1987, following an exchange of correspondence by counsel respecting the absence of certain affidavits underlying this judgment, defendant moved unsuccessfully to vacate the default and now appeals; we affirm.

To vacate a default, a prima facie meritorious defense must be made out by the movant *(see, Pabone v Jon-Bar Enters. Corp.,* 140 AD2d 872). Here, defendant's affidavits concede that the home sold to plaintiffs was defective. And the affirmative defense offered in the unverified proposed answer—that the purchase contract by its terms provided that all warranties express and implied regarding the unit purchased were waived by plaintiffs—is on its face without merit, for such a waiver is void as against public policy *(see,* General Business Law § 724; *see also, Caceci v Di Canio Constr. Corp.,* 72 NY2d 52, 56-57).

Defendant also contends that it should have had an opportunity to give testimony and offer proof on the issue of damages *(see, Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730). However, because plaintiffs commenced their application for a default judgment within one year of defendant's default and defendant had not appeared in the action, they were not obliged to furnish defendant with notice of the default proceedings *(see,* CPLR 3215 [f] [1]; *Q. P. I. Rests. v Slevin,* 93 AD2d 767, 768, *appeal dismissed* 60 NY2d 676), and defendant did not request notice of the inquest on damages even after being informed that plaintiffs would seek a default judgment *(see,* CPLR 3215 [f] [2]). Nor was Supreme Court precluded from determining the amount of damages on the basis of affidavits *(see,* 22 NYCRR 202.46; Siegel, NY Prac § 295, at 96 [1987 Pocket Part]). Finally, the simple assertion in defendant's affidavits that the damage award was "out-of-line" and "ridiculous" is insufficient to justify reopening the default judgment for the purpose of reassessing the damages.

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.