■ LAURA D'AMICO, Respondent, v COMMODITIES EXCHANGE, INC., Doing Business as COMEX, et al., Appellants, et al., Defendants. [652 NYS2d 294] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered April 25, 1996, which, *inter alia*, denied defendants' motion for partial summary judgment dismissing plaintiff's claim under Executive Law § 296, unanimously affirmed, with costs.

Insofar as pertinent, plaintiff alleges that she and the individual defendants were at all relevant times members of defendant Commodities Exchange, Inc., known as the COMEX; that the men on the trading floor pit "would act in an abusive manner, particularly toward the females, including the plaintiff herein, and they would physically push and intimidate them"; that such behavior "made it difficult or impossible for the plaintiff to properly engage in her chosen career"; that defendants' conduct interfered with plaintiff's ability to earn money and caused her to suffer severe emotional anguish and distress, including the loss of the benefit of her seat on the COMEX, as well as the money that she had invested therein; and that defendants' actions constituted "a violation of the laws of common decency and Section 296, *et seq.* of the Execu-

tive Law of the State of New York prohibiting sexual discrimination or harassment". Defendants moved for partial summary judgment, arguing that plaintiff has no claim under Executive Law § 296 because she was never an employee of defendants, and also because the COMEX is not a place of "public accommodation" as defined in Executive Law § 292 (9). IAS Court denied the motion, indicating disinclination to make definitive findings on either of defendants' claims without further disclosure.

It is unnecessary to decide whether plaintiff was an employee of the COMEX since she does not specifically assert Executive Law § 296 (1) (a), which expressly prohibits employment discrimination, and since it is clear that the trading floor of the COMEX is a place of public accommodation under Executive Law § 296 (2) (a). Not only does the COMEX engage in commodities trading by virtue of Federal law (*see*, 7 USC § 7), but an individual who is desirous of pursuing a career in that area has little choice but to use its trading floor. Thus, to accept defendants' position would, in effect, enable the COMEX to prevent, at will, any woman, or anyone else its members disapproved of, from trading in commodities simply by discriminating against and/or harassing that individual sufficiently to discourage her or him from remaining in the profession, and there would be no recourse under the Human Rights Law (Executive Law § 296) or its almost identical Federal counterpart (42 USC § 2000e-2 *et seq.*).

Executive Law § 300 states that "[t]he provisions of this article shall be construed liberally for the accomplishment of the purposes thereof", a goal that would not be advanced by the sort of strict construction being advanced by defendants. As the Court of Appeals explained in *Matter of Cahill v Rosa* (89 NY2d 14, 20), the purposes of the statute "are to ensure that every person in this State has 'an equal opportunity to enjoy a full and productive life' ". Toward that end, the statutory definition of a place of public accommodation uses "broad and inclusive language", "the statutory list that follows it is illustrative, not specific", "the Legislature has repeatedly amended the statute to expand its scope", thereby giving "a clear indication that [it] used the phrase place of public accommodation 'in the broad sense of providing conveniences and services to the public' and that it intended that the definition of place of accommodation should be interpreted liberally" (*supra,* at 21).

Although Executive Law § 292 (9) does contain certain exclusions from its long list of places of public accommodation,

among which are "any institution, club or place of accommodation which proves that it is in its nature distinctly private", nevertheless "[t]he hallmark of a 'private' place within the meaning of the Human Rights Law is its selectivity or exclusivity, and persons seeking the benefit of the exemption have the burden of establishing that their place of accommodation is 'distinctly' private" (*supra*, at 22). Since COMEX's trading floor supplies a service to the public by enabling commodities to be traded, routinely accepts qualified applicants and places no subjective limits on the number of persons eligible for membership, it is a place of public accommodation under the Human Rights Law (*see, Matter of United States Power Squadrons v State Human Rights Appeal Bd.*, 59 NY2d 401, 412).

It is now settled precedent in this Department that an individual may be held liable under Executive Law § 296 (6) and (7) for aiding and abetting discriminatory conduct (*Peck v Sony Music Corp.*, 221 AD2d 157). Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.