■ THOMAS A. FUMARELLI, Respondent, v MARSAM DEVELOP-MENT, INC., Appellant. [657 NYS2d 61] —In an action to recover damages, *inter alia,* for breach of contract, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Di-Blasi, J.), entered April 17, 1996, as denied that branch of its motion which was for summary judgment dismissing the causes of action to recover damages for breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the causes of action to recover damages for breach of contract is granted.

The plaintiff purchased a newly-constructed condominium unit from the defendant. The purchase agreement contained the following disclaimer: "It is further understood that THE SPONSOR MAKES NO HOUSING MERCHANT IMPLIED WARRANTY OR ANY OTHER WARRANTIES, EXPRESS OR IMPLIED, IN CONNECTION WITH THIS PURCHASE AGREEMENT OR THE UNIT, AND ALL SUCH WARRANTIES ARE EXCLUDED, EXCEPT AS PROVIDED IN THE LIMITED WARRANTY ANNEXED TO THIS PURCHASE AGREEMENT. THE EXPRESS TERMS OF THE ANNEXED LIMITED WARRANTY ARE HEREBY INCORPORATED IN AND MADE A PART OF THIS PURCHASE AGREE-MENT; THEY SHALL SURVIVE THE CLOSING OF TITLE; AND THERE ARE NO OTHER WARRANTIES WHICH EXTEND BEYOND THE FACE THEREOF."

The agreement also required that the plaintiff give the defendant notice of any claim of a breach of the limited warranty and the right to inspect and cure any defect. After noticing certain defects, the plaintiff gave the defendant notice, but failed to grant the right to inspect and cure the defects. Accordingly, the Supreme Court dismissed the plaintiff's breach of warranty cause of action. The Supreme Court, however, held that the plaintiff could rely upon a common-law breach of contract theory of liability. We disagree.

Under New York General Business Law article 36-B, a builder-vendor may exclude or modify all express and implied warranties, including the housing merchant implied warranty created by the statute or by common law *(see, Caceci v Di Canio Constr. Corp.,* 72 NY2d 52), provided that the purchase agreement contains a limited warranty in accordance with the provisions of General Business Law § 777-b (General Business Law § 777-a; *see also,* 2A Warren's Weed, New York Real Property, Implied Warranties, § 40.3, at 13). Although General Business Law article 36-B does not preclude the plaintiff from also maintaining a common-law cause of action *(see, Schuster v City*

*of New York,* 5 NY2d 75; *see also,* Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General Business Law § 777, at 561), the defendant excluded the common-law warranties as permitted by the statute. While a disclaimer excluding all warranties is void as against public policy *(see, Board of Mgrs. of Alfred Condominium v Caro Mgt.,* 214 AD2d 380; *Glasser v American Homes,* 144 AD2d 890), the plaintiff was afforded a limited warranty as required by General Business Law § 777-a, but failed to comply with the conditions precedent. Since the plaintiff has not claimed breach of a contract provision, other than the common-law implied warranty, which was excluded, the common-law breach of contract causes of action are dismissed. Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.