■■■ SEAR-BROWN GROUP, Respondent, v JAY BUILDERS, INC., et al., Appellants. [665 NYS2d 162] —Order unanimously modified on the law and as modified affirmed with costs to defendants in accordance with the following Memorandum: Plaintiff commenced this action seeking its contractual fee for engineering services performed with respect to two residential development projects. Jay Builders, Inc. (defendant), counterclaimed for $1 million in damages, alleging negligence and gross negligence in the performance of plaintiff's contractual duties on the Stony Point Landing project. Plaintiff moved for partial summary judgment limiting its liability on the counterclaims to $304,660, contending that the "limitation on liability" clauses in its contracts with defendant are valid and enforceable. Defendant cross-moved for summary judgment on its counterclaims and for leave to amend the ad damnum clause of each counterclaim to $2,902,396. Supreme Court granted plaintiff's motion and denied defendant's cross motion.

Defendant contends that the court erred in granting plaintiff's motion because the limitation of liability clauses are void and unenforceable pursuant to sections 5-322.1 and 5-324 of the General Obligations Law. We disagree. Those sections apply only where a party seeks to protect itself from claims for personal injury and physical damage to property, and here, defendant seeks damages only for economic loss. We agree with defendant, however, that the court erred in granting that part of the motion of plaintiff seeking to limit its liability with re-

spect to defendant's counterclaims for negligent misrepresentation and gross negligence. Absent language in the agreements to the contrary, the limitation of liability clauses do not apply to misrepresentations made to induce a party to enter into an agreement (*see, Standard Register Co. v Bolton-Emerson, Inc.,* 38 Mass App Ct 545, 649 NE2d 791; *TBG, Inc. v Bendis,* 845 F Supp 1459, 1462; *Ostalkiewicz v Guardian Alarm,* 520 A2d 563 [RI]; *cf., Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377). Likewise, a party may not rely upon a limitation of liability clause to insulate itself from damages caused by gross negligence (*see, Colnaghi, U.S.A. v Jewelers Protection Servs.,* 81 NY2d 821, 823; *Sommer v Federal Signal Corp.,* 79 NY2d 540, 554).

The court properly denied the cross motion of defendant for summary judgment on its counterclaims. Factual issues exist whether plaintiff's conduct constitutes gross negligence, i.e., whether it "smacks of intentional wrongdoing" or "betokens a reckless indifference to the rights of others" (*Kalisch-Jarcho, Inc. v City of New York, supra,* at 385) and whether defendant justifiably relied upon plaintiff's precontractual representations.

Because the court determined that the limitation of liability clauses applied to the counterclaims in their entirety, it did not consider that part of defendant's cross motion to amend the ad damnum clause. We grant that relief with respect to the counterclaims for negligent misrepresentation and gross negligence (*see,* CPLR 3025 [b]; *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23, *rearg denied* 55 NY2d 801). Thus, we modify the order by denying plaintiff's motion with respect to the counterclaims for negligent misrepresentation and gross negligence and by granting that part of defendant's cross motion for leave to amend the ad damnum clause with respect to those counterclaims. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.