■ WILLIAM HIRSHORN et al., Respondents, v LITTLE LAKE ESTATES, INC., et al., Appellants. (And a Third-Party Action.) [674 NYS2d 109] —In an action, *inter alia*, to recover damages for breach of a housing merchant implied warranty pursuant to General Business Law article 36-B, the defendants appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered September 26, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the motion which were to dismiss the first and third causes of action and substituting therefor provisions granting those branches of the defendants' motion and dismissing the first and third causes of action; as so modified, the order is affirmed, without costs or disbursements.

In 1994 the plaintiffs entered into a contract with the defendant Little Lake Estates, Inc. (hereinafter the builder) in which the builder agreed to construct a house for the plaintiffs. Among the several riders to the contract was a limited warranty which excluded all other warranties, required the plaintiffs to afford the builder a reasonable opportunity to correct defects, and excluded any incidental or consequential damages not required by law. The warranty also provided that the warranty would be void should the defects be corrected by an unauthorized contractor.

During the months following the closing on the property in September 1995, the builder remedied or attempted to remedy various defects in the house. However, the plaintiffs refused to permit the builder to repair the leaking roof. To correct the defect in the roof, it was necessary either to raise it and install additional supports, or replace it entirely with a new roof with a steeper pitch. The builder was willing to raise the roof and install additional supports, but the plaintiffs, based upon the opinions of their experts, deemed the second proposal preferable, and hired their own contractor to perform the work.

The plaintiffs commenced this action alleging, *inter alia*, breach of contract and breach of warranty against the builder, and professional malpractice against the defendant Ernest Pacchiana, the builder's president and a professional engineer who had participated in the preparation of design plans, and who supervised construction of the house. The defendants' motion for summary judgment dismissing the complaint was denied, and this appeal ensued.

The instant dispute is governed by a valid limited warranty, which the plaintiff Hope Houston Hirshorn acknowledged at her examination before trial was included in the contract between the parties. Her later denial that the limited warranty was part of the contract, made in an affidavit submitted in opposition to the motion for summary judgment, was insufficient to create a genuine issue of fact on that issue (*see, Matter of Kalati v Independent Diamond Brokers*, 209 AD2d 412). We further find that the limited warranty, which limited the defendants' liability to "the cost of reasonable repairs by the seller or his designee", and excluded "any and all other warranties, express or implied", complied with General Business Law § 777-b.

Since the limited warranty excluded any common-law implied warranty the first cause of action sounding in common-law breach of contract must be dismissed (*see, Fumarelli v Marsam Dev.*, 238 AD2d 470).

The third cause of action against Pacchiana, president of the builder, alleging professional malpractice, must also be dismissed. Although the plaintiffs couched that cause of action in terms of negligent performance, the complaint sounds essentially in common-law breach of contract (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 390; *Wecker v Quaderer*, 237 AD2d 512; *Bristol-Myers Squibb, Indus. Div. v Delta Star*, 206 AD2d 177; *Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 452-453), which is barred by the terms of the limited warranty (*see, Fumarelli v Marsam Dev., supra*).

The limited warranty extended "to that which is required by the applicable building code and in the absence of same, locally accepted building practices". The affidavit submitted by the plaintiffs' expert and accompanying exhibits presented questions of fact as to whether the repair proposed by the defendants met the requirements in the limited warranty. Accordingly, the branch of the defendants' motion which was for summary judgment dismissing the second cause of action alleging breach of the limited warranty was properly denied. Friedmann, J. P., Goldstein, Florio and Luciano, JJ., concur.