■ PEROTTO DEVELOPMENT CORPORATION et al., Appellants, v SEAR-BROWN GROUP, Respondent. [703 NYS2d 615] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiffs commenced this action seeking damages allegedly caused by defendant's negligence and professional malpractice in the performance of architectural and engineering services concerning the design and construction of a funeral home facility. The contract between defendant and plaintiff Bartolomeo Funeral Home, Inc. contains a limitation of liability clause purporting to limit the liability of defendant to the lesser of $500,000 or the amount of its fee. Three months after issue was joined, defendant moved for partial summary judgment limiting liability to the amount of its fee and dismissing the claim for punitive damages. Supreme Court erred in granting that motion.

The court properly determined that the limitation of liability provision is enforceable unless plaintiffs can establish that defendant was grossly negligent in the performance of its contractual duties (*see, Sear-Brown Group v Jay Bldrs.*, 244 AD2d 966, 967). However, because the facts essential to opposing defendant's motion may exist but cannot be stated without conducting discovery of employees of defendants and others, the court should have denied the motion pursuant to CPLR 3212 (f) (*see, Sovik v Healing Network*, 244 AD2d 985, 986). Thus, we modify the order by denying defendant's motion without prejudice to renewal after completion of discovery. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ.