█ COLUMBIAN MUTUAL LIFE INSURANCE COMPANY, Respondent, v CARLOS P. PORTES et al., Appellants. [737 NYS2d 667] —Crew III, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered July 14, 2000 in Broome County, which, inter alia, granted plaintiff's motion for partial summary judgment, and (2) from the judgment entered thereon.

Defendant Carlos P. Portes purchased defendant S.S. Ballin Agency, Inc. (hereinafter Ballin), an insurance agency that primarily handled plaintiff's insurance business in the New York City area. In 1997, Ballin borrowed $485,000 from BSB Bank and Trust Company (hereinafter BSB), and plaintiff guaranteed the loan at Portes' request. About the same time, Portes began making unauthorized withdrawals from the Ballin policy premium trust account in order to meet operating and payroll expenses. Thereafter, Ballin defaulted on the BSB loan and plaintiff began making the monthly installment payments to BSB as guarantor. As a result of the foregoing, plaintiff commenced this action alleging, inter alia, breach of contract and breach of fiduciary duty.

Plaintiff thereafter moved for partial summary judgment as to its causes of action for, inter alia, breach of contract and breach of fiduciary duty and for dismissal of defendants' counterclaim and third-party complaint. The motion was adjourned by reason of defense counsel's claimed engagement in a multidefendant out-of-state trial. When it was discovered that the attorney actually was engaged in defending against money laundering charges brought against him personally, Supreme Court ordered all defendants to retain other counsel and again adjourned the motion. Defendants thereafter sought

an additional adjournment on the ground that Portes had undergone recent surgery, which prevented him from obtaining new counsel. Supreme Court rejected the request in the absence of medical evidence supporting Portes' claim and granted plaintiff summary judgment on each of its first 12 causes of action. An interlocutory judgment was entered, and defendants filed a notice of appeal from that judgment but failed to perfect it.

Plaintiff continued to make monthly installment payments to BSB, as guarantor on the Ballin loan, until it was paid in full. Thereafter, plaintiff again moved for summary judgment on its ninth through eleventh causes of action to recover the additional payments. Defendants, having in the interim obtained new counsel, cross-moved to vacate the prior interlocutory judgment. Supreme Court denied the cross motion, granted plaintiff's motion and rendered final judgment, and defendants now appeal.

Initially, we reject plaintiff's contention that we need not consider the present appeal inasmuch as defendants abandoned their direct appeal from the interlocutory judgment. An appellate court is authorized to entertain a second appeal in the exercise of its discretion even where a prior appeal of the same issue has been abandoned (cf., *Faricelli v TSS Seedman's*, 94 NY2d 772, 774). Having said that, the record makes plain that defendants neither offered a reasonable excuse for their default nor a meritorious defense and, as such, Supreme Court was well within its discretion in refusing to vacate the interlocutory judgment. And insofar as defendants' claim that the resultant default was due to ineffective assistance of counsel, suffice to say that such a claim, except in narrowly defined circumstances not involved here, does not extend to civil actions (*see, e.g., Matter of Siddiqui v New York State Dept. of Health*, 228 AD2d 735, 736, *lv denied* 89 NY2d 804). We have considered defendants' remaining contentions and find them equally without merit.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.