■ EDEN PARK HEALTH SERVICES, INC., Appellant, v ROBERT ESTES, Respondent. [769 NYS2d 647]—

Cardona, P.J. Appeal from an order of the Supreme Court

---

(Sheridan, J.), entered May 24, 2002 in Albany County, which granted plaintiff's motion for a default judgment as to liability and awarded nominal damages.

In April 1998, defendant was appointed guardian of his mother, Carol Estes. In July 1998, defendant, as a "Responsible Party," entered into a "Basic Service and Admission Agreement" with plaintiff, the owner and operator of the Eden Park Health Care Center (hereinafter Eden Park) located in the Town of East Greenbush, Rensselaer County, for nursing homes services for Estes. The agreement, in relevant part, provides: "Eden Park agrees that the Responsible Party does not undertake personal financial responsibility for the goods and services rendered by Eden Park pursuant to this agreement. However, to the extent that the Responsible Party exercises any possession, control or management of the assets of the Resident, the Responsible Party agrees to apply such assets first to the charges resulting from Eden Park's performance under this agreement."

In May 2000, Estes' eligibility to receive medical assistance from Rensselaer County was reportedly terminated after the County was informed that real estate belonging to Estes had been sold. Plaintiff wrote to defendant in September 2000 requesting that, in accordance with the July 1998 agreement, the net proceeds of said sale be applied to Estes' outstanding charges for nursing home care. In May 2001, plaintiff commenced this breach of contract action alleging that defendant owed $177,746.04 for nursing home care rendered to Estes. After defendant failed to appear or answer, plaintiff submitted an application for a default judgment (see CPLR 3215). Supreme Court granted the application as to liability and ordered an inquest to determine the actual debt to be collected. Although plaintiff appeared at the inquest and offered proof, defendant did not appear. Supreme Court found in plaintiff's favor, but awarded only nominal damages, resulting in this appeal.*

It is well settled that "[a]lthough a defaulting defendant admits all traversable allegations in the complaint, including the basic issue of liability, an allegation of damage is not a traversable allegation and, therefore, a defaulting defendant does not admit the plaintiff's conclusion of damages but may, at an inquest, offer proof in mitigation of damages if it involves 'circumstances intrinsic to the transactions at issue' in the plaintiff's complaint" (*Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878, 880 [1985], quoting *Rokina Opt.*

---

* Defendant has not filed a responding brief.

*Co. v Camera King,* 63 NY2d 728, 731 [1984]). In circumstances where a defaulting party fails to appear at an inquest, 22 NYCRR 202.46 (a) provides, in relevant part, that "the party entitled to judgment . . . may be permitted to submit, in addition to the proof required by CPLR 3215 (e), properly executed affidavits as proof of damages."

Here, plaintiff appeared at the inquest and submitted, inter alia, the verified complaint, invoices from the Estes account and the affidavit of plaintiff's vice president, Thomas Ellis, stating that defendant failed to turn over the proceeds from the sale of Estes' home. Supreme Court awarded only nominal damages based upon plaintiff's failure to proffer evidence regarding the net amount of the proceeds from the sale of Estes' home. Plaintiff maintains that the court erred in so ruling because it was defendant's obligation to produce such proof under his control. While plaintiff's argument in this regard would normally be persuasive, in this case, we are presented with an uncommon contractual provision that limits defendant's liability to very narrow circumstances. Accordingly, we find that plaintiff was obligated to provide some proof regarding the sale proceeds through, at a minimum, public records.

Nevertheless, despite our conclusion in that regard, we do not find that it would serve the interests of justice to affirm the award of nominal damages. Given defendant's intentional conduct in defaulting which should not be excused or rewarded (*see New York Tel. Co. v Don Siegel Constr. Co.,* 1 AD3d 329 [2003]) and plaintiff's understandable confusion as to the burden of proof, we deem it appropriate to remit the matter to Supreme Court for a new inquest on damages with notice to defendant.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded nominal damages; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.