■ SHANKER NESATHURAI, M.D., Appellant, v UNIVERSITY AT BUFFALO, STATE UNIVERSITY of NEW YORK, et al., Defendants, and JAMES CZYRNY, Respondent. (Appeal No. 1.) [804 NYS2d 195]—

Appeal from an order of the Supreme Court, Niagara County (Sara S. Sperrazza, A.J.), entered on July 21, 2004. The order, insofar as appealed from, granted the cross motion of defendant James Czyrny for summary judgment dismissing the second, third and fourth causes of action against him.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied in part and the second through fourth causes of action against defendant James Czyrny are reinstated.

Memorandum: With respect to appeal No. 1, we conclude that Supreme Court erred in granting that part of the cross motion of James Czyrny (defendant) for summary judgment dismissing the second, third and fourth causes of action against him. Those causes of action assert, respectively, a federal constitutional violation (42 USC § 1983), a New York State constitutional violation (*see generally Brown v State of New York*, 89 NY2d 172, 177-179 [1996]), and a Human Rights Law violation based on employment discrimination (Executive Law § 296 [6]). Contrary to the court's conclusion, the federal constitutional cause of action is not defeated by defendant's lack of authority over plaintiff's employment status. Rather, "[i]t is enough that [defendant] is a willful participant in joint action with the State or its agents" (*Dennis v Sparks*, 449 US 24, 27 [1980]; *see Adickes v S. H. Kress & Co.*, 398 US 144, 152 [1970]). Moreover, contrary to the contention of defendant on appeal, his affidavit stating that he "did not participate in any decision-making regarding plaintiff's employment status" does not conclusively establish that he did not participate in conduct or conversations leading to such decision-making. In any event, plaintiff is entitled to an opportunity for discovery on the issue of defendant's participation in the alleged discriminatory conduct (*see* CPLR 3212 [f]; *Brown v Krueger*, 13 AD3d 1182 [2004]; *Perotto Dev. Corp. v Sear-Brown Group*, 269 AD2d 749 [2000]).

Further, although the court properly concluded that defendant cannot be held liable on the Human Rights Law cause of action as plaintiff's employer within the meaning of Executive Law § 296 (1) (a) (*see Patrowich v Chemical Bank*, 63 NY2d 541 [1984]), the court nevertheless erred in granting that part of defendant's motion for summary judgment dismissing that cause of action. Defendant failed to meet his burden of establishing as a matter of law that he did not aid or abet the other named defendants in the alleged discriminatory acts against plaintiff (*see* Executive Law § 296 [6]; *Murphy v ERA United Realty*, 251 AD2d 469, 471-472 [1998]; *D'Amico v Commodities Exch.*, 235 AD2d 313, 315 [1997]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In appeal No. 2, we conclude that the court erred in denying plaintiff's motion to dismiss defendant's counterclaim for defamation. A cause of action for defamation must set forth "the particular words complained of" (CPLR 3016 [a]) and must state the "time, place and manner of the allegedly false statements and to whom such statements were made" (*Lesesne v Lesesne*, 292 AD2d 507, 509 [2002]; *see e.g. Wadsworth v Beaudet*, 267 AD2d 727, 729 [1999]; *Dillon v City of New York*, 261 AD2d 34, 37-38 [1999]). Here, defendant's counterclaim merely paraphrased and otherwise referred to allegations in and attachments to the complaint without specifying any of the alleged defamatory words or the circumstances in which they were made. We therefore reverse the order in appeal No. 2 denying plaintiff's motion to dismiss the counterclaim. In the exercise of our discretion, however, we grant that part of the cross motion of defendant seeking, in the alternative, leave to serve an amended answer to include the proposed amended counterclaim submitted with his cross motion upon condition that defendant shall serve an amended answer within 30 days of service of a copy of the order of this Court with notice of entry (*see* CPLR 3211 [e]). We except therefrom subparagraphs (a) and (b) of paragraph 28, which do not meet the above-noted standards of particularity. Present—Hurlbutt, J.P., Scudder, Gorski, Smith and Lawton, JJ.