■ LYDIA LUCARELLI, Respondent, v NEW YORK MERCANTILE EXCHANGE, Appellant, et al., Defendants. [804 NYS2d 741]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered December 20, 2004, which denied the motions of defendant New York Mercantile Exchange (NYMEX) to amend its answer to assert defenses of absolute immunity and federal preemption and for summary judgment on those grounds, unanimously affirmed, without costs.

The gravamen of the complaint, in this action under the New York State and City Human Rights Laws (Executive Law § 296; Administrative Code of City of NY § 8-107), is that NYMEX condoned, aided and abetted the sexual harassment of an employee in a place of public accommodation (*see D'Amico v Commodities Exch.*, 235 AD2d 313, 314 [1997]). NYMEX cannot assert immunity under the Commodity Exchange Act (7 USC § 1 *et seq.*) because plaintiff's claim has nothing to do with the purposes of that statute or the exercise of NYMEX's regulatory functions thereunder, which are to ensure fair practices and honest dealings on commodities exchanges and to ensure the integrity of the commodities markets (*see Shapira v Charles Schwab & Co., Inc.*, 187 F Supp 2d 188, 191 [SD NY 2002]; *cf. D'Alessio v New York Stock Exch., Inc.*, 258 F3d 93, 106 [2d Cir 2001], *cert denied* 534 US 1066 [2001]; *Barbara v New York Stock Exch., Inc.*, 99 F3d 49, 58 [2d Cir 1996]; *Mandelbaum v New York Mercantile Exch.*, 894 F Supp 676 [SD NY 1995]). Nor are these claims preempted by federal law, either under field preemption or as a conflict between state and federal law. A

finding in plaintiff's favor, under New York's Human Rights Laws, would not frustrate the accomplishment, full purpose and objective of Congress under the federal statute (*see Matter of Delta Air Lines v New York State Div. of Human Rights*, 91 NY2d 65, 75 [1997], *affg* 229 AD2d 132, 138 [1996], citing *Hines v Davidowitz*, 312 US 52, 67 [1941]; *but see contra Bantum v American Stock Exch., LLC*, 7 AD3d 551 [2d Dept 2004], *lv granted* 4 NY3d 701 [2004], *appeal withdrawn* 4 NY3d 882 [2005]). Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Catterson, JJ.