■ Ronald A. Kocsis, Respondent, v Dennis McLean, Appellant. [819 NYS2d 362]—

Mercure, J. Appeals (1) from an order of the Supreme Court (McGill, J.), entered February 9, 2004 in Clinton County, which, inter alia, denied defendant's motion to vacate a default judgment entered against him, and (2) from two orders of said court, entered June 29, 2004 in Clinton County, which denied defendant's motion to reopen the inquest, and awarded plaintiff damages.

On August 6, 2002, defendant entered the residence of his estranged wife at approximately 4:00 A.M. and repeatedly struck plaintiff, his wife's paramour, with a baseball bat. Subsequently, plaintiff commenced this action to recover for lost wages and injuries to his head, neck, back, torso, arm and leg suffered in the attack. After defendant failed to answer and his insurance carrier notified plaintiff that it would not be providing coverage for defendant, plaintiff moved for a default judgment, which was granted. Following an inquest at which defendant failed to appear, defendant moved to reopen the default judgment or, in the alternative, for a rehearing on damages. Supreme Court denied the motion to vacate, but permitted defendant the opportunity to review the inquest proceedings and to submit a list of proposed witnesses "and a written summary of their proposed testimony" within 60 days. After the 60-day period expired, defendant provided such a list and expressed his desire to cross-examine plaintiff's doctors. Supreme Court denied the motion to reopen the inquest and found that plaintiff was entitled to $297,250 in damages. Judgment was entered and defendant now appeals from the orders denying his motion to vacate the default judgment, denying his motion to reopen the inquest, and awarding damages.

We affirm. Inasmuch as defendant raises no arguments in his brief regarding vacatur of the default judgment on liability, his arguments in that regard are deemed abandoned (see Dunn v Northgate Ford, Inc., 16 AD3d 875, 876 n 2 [2005]). His assertion regarding the denial of his request to reopen the inquest is limited to the claim that Supreme Court abused its discretion in denying him the right to cross-examine witnesses regarding plaintiff's damages. Although a defaulting defendant admits only the traversable allegations in the complaint and remains entitled at an inquest to offer proof in mitigation of damages (see e.g. Reynolds Sec. v Underwriters Bank & Trust Co., 44

NY2d 568, 572 [1978]; *Eden Park Health Servs. v Estes*, 2 AD3d 1186, 1187 [2003]), defendant failed to appear at the inquest. Accordingly, Supreme Court was not precluded from relying upon either affidavits or the sworn written statements of witnesses in question-and-answer form (*see* 22 NYCRR 202.46; *Eden Park Health Servs. v Estes, supra* at 1188; *Glasser v American Homes of Clifton Park Div. of Am. Homes*, 144 AD2d 890, 891 [1988]). Further, in light of defendant's submission of only conclusory and vague statements summarizing his witnesses' proposed testimony and his proposed cross-examination of plaintiff's witnesses—despite the court's grant of 60 days to come forward with further evidence justifying reopening— Supreme Court did not abuse its discretion in denying his motion to reopen the inquest (*see Glasser v American Homes of Clifton Park Div. of Am. Homes, supra* at 891).

Finally, inasmuch as defendant failed to contest the issue of damages at the inquest, his claim that the award to plaintiff was excessive is not properly before us (*see James v Powell*, 19 NY2d 249, 256 n 3 [1967]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:25), and we conclude that the exercise of "our inherent power to review any amount awarded on default which we deem excessive" is not warranted here (*Klishwick v Popovicki*, 186 AD2d 173, 174 [1992]; *see Boorman v Deutsch*, 152 AD2d 48, 55 [1989], *appeal dismissed* 76 NY2d 889 [1990]; *see also Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]). Defendant's remaining argument that he was denied the effective assistance of counsel has been considered and found to be lacking in merit (*see Columbian Mut. Life Ins. Co. v Portes*, 290 AD2d 905, 906 [2002]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.