Rose, J.E
Appeals (1) from an order of the Supreme Court (Lynch, J.), entered June 27, 2012 in Albany County, which denied defendants’ motion to preclude evidence of a certain contractual provision, and (2) from an order of said court, entered November 16, 2012 in Albany County, which, among other things, upon reargument, dismissed certain causes of action.
Defendants met the third-party defendants at a home show and thereafter entered into a contract to hire third-party defendant More House! to manage the construction of defendants’ new home. When plaintiff, a building materials supplier, commenced this action to recover the cost of goods sold and delivered to the construction site, defendants commenced the third-party action alleging causes of action for, among other things, breach of contract, fraudulent inducement and violations of General Business Law §§ 349 and 771. After third-party defendants failed to comply with orders directing them to respond to defendants’ discovery demands, Supreme Court granted defendants’ motion *1225 for a default judgment against them subject to an inquest on damages.
Prior to the inquest, defendants moved in limine to preclude third-party defendants from relying on the provision in the contract limiting their liability for damages to the amount of fees paid pursuant to the contract. Supreme Court denied the motion and defendants moved to reargue. Supreme Court then granted reargument, held that the limitation of liability provision did not apply to the cause of action for breach of a fiduciary duty, but also concluded that defendants were not entitled to a default on the third cause of action for fraud in the inducement or the sixth and seventh causes of action alleging violations of the General Business Law. Defendants appeal from both orders.*
We begin by agreeing with Supreme Court that third-party defendants may offer evidence of the contractual provision limiting damages at the inquest. Although the striking of the answer resulted in third-party defendants’ admission to the traversable allegations in the complaint, the damages claimed are not traversable allegations and, at the inquest, the defaulting third-party defendants may offer proof in mitigation if it ££involv[es] circumstances intrinsic to the transactions” put in issue by the complaint (Rokina Opt. Co. v Camera King, 63 NY2d 728, 731 [1984]; accord Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880 [1985]; see Kocsis v McLean, 32 AD3d 589, 590 [2006]; Eden Park Health Servs. v Estes, 2 AD3d 1186, 1187-1188 [2003]). An agreement to limit the amount of damages due in the event of a breach of contract constitutes such proof.
Supreme Court also correctly held that the limitation of liability provision in the contract does not violate General Obligations Law §§ 5-322.1 and 5-323. Those statutes prohibit contractors from avoiding liability for personal injuries or property damage caused by their own negligence as being against public policy. Inasmuch as defendants are seeking only economic damages in connection with the performance of the contract, however, we agree that the provision limiting liability for economic loss is enforceable (see Rector v Calamus Group, Inc., 17 AD3d 960, 961 [2005]; Sear-Brown Group v Jay Bldrs., 244 AD2d 966, 966-967 [1997]).
We further agree that, on the motion to reargue, Supreme Court had the authority to determine sua sponte whether *1226 defendants stated valid causes of action despite the default (see Walley v Leatherstocking Healthcare, LLC, 79 AD3d 1236, 1238 [2010]; Gagen v Kipany Prods., 289 AD2d 844, 845-846 [2001]; Matter of Dyno v Rose, 260 AD2d 694, 697-698 [1999], appeal dismissed 93 NY2d 998 [1999], lv denied 94 NY2d 753 [1999]). Nevertheless, we are persuaded that defendants have stated valid causes of action for fraudulent inducement and violation of General Business Law § 349. Accordingly, we conclude that the default judgment originally granted on the third and seventh causes of action was proper and should not have been set aside.
In order to recover on the third cause of action for fraud, the defrauded party must allege a misrepresentation or omission of a material fact known to be false and made with the intent to deceive, as well as justifiable reliance and damages (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]; Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; State of New York v Industrial Site Servs., Inc., 52 AD3d 1153, 1157 [2008]). While it is the general rule that “[a] separate cause of action seeking damages for fraud cannot stand when the only fraud alleged relates to a breach of contract” (Gizzi v Hall, 300 AD2d 879, 880 [2002]; see Egan v New York Care Plus Ins. Co., 277 AD2d 652, 653 [2000]), defendants’ allegations of fraud do not concern any express terms of the contract or third-party defendants’ failure to perform those terms (compare Green v Dolphy Constr. Co., 187 AD2d 635, 636 [1992]; C.B. W. Fin. Corp. v Computer Consoles, 122 AD2d 10, 12 [1986]). Rather, defendants allege that third-party defendants fraudulently induced them into entering the contract by falsely representing that they were skilled, competent and experienced in providing construction management services. Those allegations are not redundant of the breach of contract cause of action, which claims that third-party defendants failed to perform the terms of the contract (see ARB Upstate Communications LLC v R.J. Reuter, L.L.C., 93 AD3d 929, 932-933 [2012]; Gizzi v Hall, 300 AD2d at 880; RKB Enters. v Ernst & Young, 182 AD2d 971, 972-973 [1992]). Defendants also alleged that they relied on the representations (see e.g. Kosowsky v Willard Mtn., Inc., 90 AD3d 1127, 1129-1130 [2011]), and the allegations permit us to infer that the reliance was justified. Nor is there anything in the complaint or contract that would suggest that their reliance was unjustified (compare DeAngelis v Timberpeg E., Inc., 51 AD3d 1175, 1178 [2008] [contract contained limiting language preventing any justifiable reliance]).
The seventh cause of action alleging that third-party defendants engaged in deceptive practices is also sufficiently stated. *1227 Consumers have a private cause of action against “[deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service” (General Business Law § 349 [a], [h]; see Elacqua v Physicians’ Reciprocal Insurers, 52 AD3d 886, 888 [2008]). Such a claim must be predicated on a consumer-oriented practice that was “likely to mislead a reasonable consumer acting reasonably under the circumstances” (Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 344 [1999] [internal quotation marks and citations omitted]; see Elacqua v Physicians’ Reciprocal Insurers, 52 AD3d at 889). Here, defendants allege that third-party defendants held themselves out to the general public to be knowledgeable and skilled in project management. While the parties entered into a private transaction, which is the subject of the fraud claim, the standard form contract used by third-party defendants is not unique and the allegations of deceptive practices aimed at the general public are sufficient to sustain a cause of action based on General Business Law § 349 (see Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d at 344-345; Weinstein v Natalie Weinstein Design Assoc., Inc., 86 AD3d 641, 643-644 [2011]; DeAngelis v Timberpeg E., Inc., 51 AD3d at 1178; compare U.W. Marx, Inc. v Bonded Concrete, Inc., 7 AD3d 856, 858 [2004]).
We are unpersuaded, however, by defendants’ claim that they stated a valid cause of action for violations of General Business Law § 771. That statute applies to home improvement contractors engaged in construction (see General Business Law § 770 [3]). Inasmuch as the complaint and contract make clear that third-party defendants were engaged in construction project management services, and not in the construction itself, we agree with Supreme Court that General Business Law § 771 is inapplicable.
Stein, McCarthy and Garry, JJ., concur. Ordered that the order entered June 27, 2012 is affirmed, without costs. Ordered that the order entered November 16, 2012 is modified, on the law, without costs, by reversing so much thereof as determined that defendants were not entitled to a default judgment on the third and seventh causes of action of the third-party complaint, and, as so modified, affirmed.

 Although defendants designated their motion as in limine, inasmuch as the initial order affected the merits of the controversy, it is appealable (see Vaughan v Saint Francis Hosp., 29 AD3d 1133, 1135 [2006]).