## Cepeda-Rodriguez v City of New York

2024 NY Slip Op 33581(U)

October 8, 2024

Supreme Court, New York County

Docket Number: Index No. 150119/2018

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. RICHARD TSAI**                     PART                    21

*Justice*

-------------------------------------------------------------------------X

JULIO CESAR CEPEDA-RODRIGUEZ,

                Plaintiff,

            - v -

THE CITY OF NEW YORK, NEW YORK CITY TRANSIT
AUTHORITY, MTA NEW YORK CITY TRANSIT, MTA BUS
COMPANY, METROPOLITAN TRANSPORTATION
AUTHORITY and ROBERTO RIVERA,

                Defendants.

-------------------------------------------------------------------------X

NEW YORK CITY TRANSIT AUTHORITY, MTA NEW YORK
CITY TRANSIT, MTA BUS COMPANY, METROPOLITAN
TRANSPORTATION AUTHORITY and ROBERTO RIVERA

              Third-Party Plaintiffs,

            -against-

ELVIS CRUZ and MIKI LEONARDO,

              Third-Party Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150119/2018 |
| MOTION DATE | 01/06/2023, 06/30/2023, 07/18/2023 |
| MOTION SEQ. NO. | 003 004 005 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595253/2023

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 20,34, 42, 56-62, 64-65, 72-83, 84, 86-92

were read on this motion to/for                JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 98-103, 129, 137-150

were read on this motion to/for                SEVER ACTION           .

The following e-filed documents, listed by NYSCEF document numbers (Motion 005) 104-128, 131-136, 151-157

were read on this motion to/for       VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR     .

150119/2018   CEPEDA-RODRIGUEZ, JULIO CESAR vs. NEW YORK CITY TRANSIT
Motion No.  003 004 005

Page 1 of 8

[* 1]

In this action arising out of an alleged rear-end motor vehicle collision, plaintiff, an alleged passenger in a vehicle, now moves for summary judgment as to liability in his favor against defendants New York City Transit Authority and Robert Rivera, and for summary judgment dismissing the defense of comparative negligence (Motion Seq. No.003). Defendants oppose the motion.[1]

Plaintiff also separately moves to sever the third-party action (Motion Seq. No. 004), and defendants oppose that motion.

Last, defendants move to vacate the note of issue and to extend the time for filing dispositive motions, on the ground that discovery is not complete (Motion Seq. No. 005). Plaintiff opposes that motion.

This decision addresses all three motions.

## BACKGROUND

At his deposition, defendant Robert Rivera testified that, on October 28, 2016, he was a bus operator driving an "accordion bus" (*see* plaintiff's Exhibit C in support of motion, Rivera EBT, at 5, lines 17-21; at 6, lines 9-14 [NYSCEF Doc. No. 60]). According to Rivera, on October 28, 2016, his bus "bumped" the rear of a vehicle at 124 Fort George Avenue (*id.* at 8, lines 11-16; at 9, lines 10-13).

Rivera testified that a vehicle was illegally parked in the bus stop (*id.* at 10, lines 9-10; at 30, lines 13-17). Rivera stated, "The whole bus stop, he was literally at the half way point like forty-five [percent]" (*id.* at 30, lines 23-25; at 31, lines 12-13). According to Rivera, he decided to go around the car "to avoid any future blockage that he might cause. That might impede me pulling out of the stop" (*id.* at 10, lines 16-19). He stated that, as he was "pulling into the stop approaching behind him I saw there was more space in front. With the same motion that I was going, since I was riding the brake, I started going left and that is when I didn't turn the steering wheel appropriately" (*id.* at 11, line 24 through 12, line 7). According to Rivera, "As soon as the bump happened, I quickly pushed the brake down, I popped the brake (*id.* at 30, lines 2-4).

In their answer, defendants admitted that defendant New York City Transit Authority (NYCTA) owned the bus bearing plate number T7071, and that the bus operator, Robert Rivera, operated the bus with the permission and consent of the NYCTA, answer ¶ 6 [NYSCEF Doc. No. 20]).

At his deposition, plaintiff testified, through a Spanish interpreter, that, on October 28, 2016, in the morning, he was sitting, alone, inside a car on the passenger side in the rear (*see* plaintiff's Exhibit B in support of motion, plaintiff's EBT at 13, lines 15-20; at 15, lines 6-16 [NYSCEF Doc. No. 59]). According to plaintiff, the vehicle was parked further away from a bus stop (*id.* at 25, line 25 through 26, line 4). Plaintiff

---

[1] The action was dismissed as against defendant City of New York by decision and order dated February 7, 2019 and entered February 11, 2019 (*see* NYSCEF Doc. No. 34).

**150119/2018   CEPEDA-RODRIGUEZ, JULIO CESAR vs. NEW YORK CITY TRANSIT**                          **Page 2 of 8**
**Motion No.  003 004 005**

2 of 8

[* 2]

stated that he then felt a heavy contact that pushed the vehicle "towards the front" (*id.* at 28, lines 22-25; at 29, lines 7-8). Plaintiff testified that the "front stairs side of the bus," "front entrance of the bus" came into contact with the "rear part driver's side" (*id.* at 29, lines 22-25; at 30, lines 2-4).

According to plaintiff, his right elbow and his shoulder made contact with the front passenger seat (*id.* at 35, lines 19-24). Plaintiff testified that he was dizzy, and that he quickly exited the vehicle because he felt dizzy and nauseous (*id.* at 36; lines 4-5; at 37, line 23 through 38, line 2). Plaintiff stated that, when he was able to come back to his senses, he was inside an ambulance laying down on a stretcher (*id.* at 38, lines 13-16). Plaintiff testified that, inside the ambulance, he complained of pain to his right elbow, his right shoulder, his neck, and his entire back (*id.* at 40, lines 13-23).

Plaintiff denied driving the car to Fort George Avenue (*id.* at 16, lines 11-13). When asked, "How did the car get to Fort George Avenue to the best of your knowledge," plaintiff answered, "the owner, the manger took it there" (*id.* at 16, lines 14-16), whom plaintiff identified as "Mickey Leonardo [phonetic]" (*id.* at 16, lines 20-24). According to plaintiff, at the time of the incident, "[s]he was paying for some material inside the hardware store" (*id.* at 17, lines 5-6).

On September 22, 2020, plaintiff filed the note of issue (NYSCEF Doc. No. 42). By a so-ordered stipulation dated August 24, 2022 and entered March 24, 2023, plaintiff agree to withdraw the note of issue (*see* NYSCEF Doc. No. 84). On June 30, 2023, plaintiff filed a new note of issue (*see* NYSCEF Doc. No. 96).

## DISCUSSION

### I. Plaintiff's motion for summary judgment (Motion Seq. No. 003)

"On a motion for summary judgment, the moving party must make a prima showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

On a motion for summary judgment, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

Here, based on Rivera's and plaintiff's deposition testimonies, plaintiff established that the bus which Rivera was operating had rear-ended the vehicle in which plaintiff was a passenger.

150119/2018   CEPEDA-RODRIGUEZ, JULIO CESAR vs. NEW YORK CITY TRANSIT
Motion No.  003 004 005

Page 3 of 8

3 of 8

[* 3]

It has been well established in New York that in rear-end collisions "with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate non-negligent explanation for the accident" (*Cabrera v Rodriguez,* 72 AD3d 553, 553 [1st Dept 2010). Therefore, plaintiff met the prima facie burden of demonstrating Rivera's negligence.

In opposition, defendants argue that plaintiff's motion for summary judgment is untimely, because it was brought more than 120 days after plaintiff had filed the note of issue (*see* affirmation of defendants' counsel ¶¶ 2-21 [NYSCEF Doc. No. 74]). Defendants also argue that plaintiff failed to attach a copy of the pleadings to plaintiff's motion for summary judgment (*id.* ¶¶ 22-28). Next, defendants argue that the transcripts were not in admissible form, as they were not signed (*id.* ¶¶ 29-47).

On the merits, defendants argue that summary judgment should be denied because plaintiff has not demonstrated that the act of illegally parking within a bus stop was not a proximate cause of the accident, and that the illegally parked vehicle constituted a non-negligent explanation for the collision (*id.* ¶¶ 48-80). Defendants submit an affidavit from Rivera, who states, in relevant part:

> "As I entered the bus stop at a crawl, I realized that if I attempted to back behind the black 2007 Chevrolet, a portion of the back end of the bus would jut out into the sole lane of travel on Fort George Hill, which I deemed to be an unsafe parking location for a layover.
> * * *
> Due to having already began entering the stop at its inception, I was forced to change directions and begin turning the steering wheel in the opposite direction, while my foot was hovering over the break for safe reentry into the travel lane of Fort George Avenue.
>
> In attempting to reenter the lane of travel to go around the black 2007 Chevrolet, the front left end of the bus sideswiped the driver's side light/reflector panel where the rear drivers side wheel well meets the curved fender.
>
> Due to the nature of the subject stop and the length of the bus I was operating, the parking of a private vehicle in the middle of the stop forced me to perform a difficult maneuver and was unable to avoid this accident, as I could not get the steering wheel turned fast enough to clear the driver's side, reflector/side light" (*see* defendants' Exhibit C in opposition, Rivera aff ¶¶ 19-23).

Lastly, defendants argue that there is an issue of fact as to whether plaintiff was the operator of the motor vehicle, because the police accident report which plaintiff submitted on his motion listed plaintiff as the driver of the vehicle.

150119/2018   CEPEDA-RODRIGUEZ, JULIO CESAR vs. NEW YORK CITY TRANSIT
Motion No.  003 004 005

Page 4 of 8

4 of 8

[* 4]

In reply, plaintiff claims that his motion for summary judgment is timely because the note of issue was vacated by a so-ordered stipulation dated August 24, 2022 (*see* NYSCEF Doc. No. 84). Plaintiff argues that summary judgment should not be denied due to plaintiff's failure to annex the pleadings to his motion because the pleadings were previously efiled (reply affirmation of plaintiff's counsel ¶ 13). Next, plaintiff contends that the deposition transcripts are admissible because the transcripts were certified by a stenographer, and the transcripts were sent to defendants' counsel, in compliance with CPLR 3116 (a) (*id.* ¶¶ 18-23). Lastly, plaintiff argues that defendants did not submit any admissible evidence that plaintiff was the driver of the vehicle, and that the double-parked vehicle was not a proximate cause of the collision, but merely furnished the condition or occasion for the occurrence, citing *Haylett v New York City Transit Authority* (251 AD2d 378 [2d Dept 1998]).

Contrary to defendants' argument, plaintiff's motion for summary judgment was timely. Before plaintiff had moved for summary judgment, plaintiff had stipulated to withdraw the note of issue, pursuant to a stipulation dated August 24, 2022 (*see* NYSCEF Doc. No. 54). For reasons which are unknown, the stipulation was not so-ordered and entered until March 24, 2023. However, because the note of issue was withdrawn prior to plaintiff's motion for summary judgment, and the stipulation was so-ordered while plaintiff's motion for summary judgment was still pending, plaintiff's motion for summary judgment is not considered untimely.

Defendants' objection to the unsigned transcripts of plaintiff and defendant Rivera are overruled. Both transcripts are certified by court reporters (*see* plaintiff's EBT at 80, lines 1-18; *see* Rivera EBT at 58, lines 1-16). Plaintiff has demonstrated that Rivera's transcript was provided to defendants' counsel to be executed, in accordance with CPLR 3116 (a) (*see* plaintiff's reply exhibit C in support of motion [NYSCEF Doc. No. 91]). Thus, as plaintiff points out, Rivera's transcript may be used despite being unsigned, especially given that defendants do not challenge their accuracy (*Franco v Rolling Frito-Lay Sales, Ltd.*, 103 AD3d 543 [1st Dept 2013]). As to plaintiff's transcript, "[a] movant's submission of [his] own deposition testimony is deemed to be an adoption of such testimony as accurate, and therefore admissible" (*Singh v New York City Hous. Auth.*, 177 AD3d 475, 475 [1st Dept 2019]).

Because the pleadings were previously efiled, plaintiff's failure to annex the pleading does not warrant denial of plaintiff's motion for summary judgment (*Studio A Showroom, LLC v Yoon*, 99 AD3d 632 [1st Dept 2012]).

Turning to the merits, defendants failed to overcome the presumption of Rivera's negligence. Rivera admitted to striking a parked vehicle, a stationary object, while performing a difficult maneuver he chose to undertake. Whether plaintiff was the driver of the vehicle or was a passenger is not a material issue of fact on the issue of Rivera's negligence, because it is undisputed that the Rivera had struck a parked vehicle.

150119/2018   CEPEDA-RODRIGUEZ, JULIO CESAR vs. NEW YORK CITY TRANSIT          Page 5 of 8
Motion No.  003 004 005

5 of 8

To the extent that defendants argue that the illegally parked vehicle could raise a triable issue of fact as to plaintiff's negligence which warrants denial of plaintiff's motion for summary judgment, this argument is unavailing. "[T]o obtain partial summary judgment on defendant[s'] liability [plaintiff] does not have to demonstrate the absence of his own comparative fault" (*Rodriguez v City of New York*, 31 NY3d 312, 323 [2018]).

Thus, plaintiff's motion for summary judgment as to liability in his favor against defendant Rivera is granted. As the incident occurred within the scope of Rivera's employment as a bus operator, and NYCTA admitted ownership of the vehicle, the NYCTA is vicariously liable for Rivera's negligence under the doctrine of respondeat superior (*Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Ryga v New York City Tr. Auth*., 17 AD3d 561, 562 [2d Dept 2005]). Plaintiff is therefore also entitled to summary judgment as to liability in his favor against the NYCTA.

To be clear, the determination of fault of Rivera and the NYCTA's vicarious liability as a matter of law on this motion does not include the issue of whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d), "which is a threshold matter separate from the issue of fault" (*Reid v Brown*, 308 AD2d 331, 332 [1st Dept 2003]).

The branch of plaintiff's motion for summary judgment dismissing the first affirmative defense of defendants' answer, plaintiff's culpable conduct, is granted. Plaintiff's deposition testimony established that he was a passenger sitting in the rear of the vehicle at the time of impact. The fact that the police accident report listed plaintiff was the driver (*see* plaintiff's Exhibit A in support of motion [NYSCEF Doc. No. 58]) does not raise a material issue of fact warranting dismissing of the defense of culpable conduct. In the section of the description of the accident, the police accident report clearly indicates that plaintiff was "passenger to Veh#2" (*id.*). Defendants submit no other evidence that plaintiff was the driver, or that plaintiff had parked the vehicle in the bus stop.

In light of the court's determination that plaintiff established that he was a passenger in the vehicle, and that the affirmative defense of plaintiff's culpable conduct is dismissed, the court need not address plaintiff's alternative argument that the illegally parked car merely furnished the condition or occasion of the incident.

## II. Plaintiff's motion to sever the third-party action (Motion Seq. No. 004)

Plaintiff argues that the third-party action should be severed because it unjustifiably delays plaintiff's prosecution of the main action (*see* affirmation of plaintiff's counsel in support ¶ 18). Plaintiff contends that defendants had all the information needed to commence the third-party action, but delayed commencement until March 2023 (*id.* ¶¶21, 28). In the alternative, plaintiff requests that the third-party action be placed on an extremely tight discovery schedule. Finally, plaintiff requests a protective order limiting the deposition of plaintiff.

**150119/2018   CEPEDA-RODRIGUEZ, JULIO CESAR vs. NEW YORK CITY TRANSIT**
**Motion No.  003 004 005**

**Page 6 of 8**

6 of 8

In opposition, defendants argue that plaintiff has not shown any evidence that the third-party action will prejudice plaintiff (*see* affirmation of defendants' counsel in opposition ¶ 19). Defendants claim that they do not seek another deposition of plaintiff, but rather seek the depositions of third-party defendants Elvis Cruz and Miki Leonardo (*id.* ¶¶ 21-22).

Plaintiff's motion to sever the third-party action is denied. The third-party defendants have not appeared in this action, so there is not likely to be delay from discovery in the third-party action that will unduly delay the main action.

Plaintiff's request for a protective order is denied, as plaintiff does not point to any deposition notice which defendants served upon plaintiff for which a protective order would be needed.

## III. Defendants' motion to vacate the note of issue (Motion Seq. No. 005)

Defendants move to vacate the note of issue which plaintiff filed on June 30, 2023. Defendants argue that significant discovery remains, including the depositions of the third-party plaintiffs (*see* affirmation of defendants' counsel ¶ 45). According to defendants, plaintiff provided some authorizations in response to defendants' notice for discovery and inspected dated June 7, 2023, while objecting to others, and defendants have not yet received the records from those authorizations (*id.* ¶ 34). Defendants also seek to extend the time to file summary judgment is granted to the extent that summary judgments shall be filed no later than 120 days after a new note of issue is filed.

In opposition, plaintiff claims that discovery is complete. Plaintiff asserts that the authorizations which defendants requested were provided (*see* affirmation of plaintiff's counsel in opposition ¶ 28; *see also* plaintiff's Exhibits C and E in opposition [NYSCEF Doc. Nos. 135 & 136]).

Defendants' motion to vacate the note of issue is denied. There is no discovery in the third-party action because third-party defendants have defaulted in appearing in the third-party action. In their reply to plaintiff's opposition papers, where plaintiff's counsel contends that the outstanding authorizations were provided, defendants have not identified any specific items of outstanding discovery in the main action.

Defendants have not shown good cause why their time to move for summary judgment should be extended.

In sum, defendants' motion to vacate the of issue filed on June 30, 2023 is denied.

**150119/2018   CEPEDA-RODRIGUEZ, JULIO CESAR vs. NEW YORK CITY TRANSIT**     **Page 7 of 8**
**Motion No.  003 004 005**

7 of 8

[* 7]

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that plaintiff's motion for summary judgment (Motion Seq. No. 003) is **GRANTED**, and plaintiff is entitled to summary judgment as to liability in his favor against defendants New York City Transit Authority and Robert Rivera, and the first affirmative defense of the answer of defendants New York City Transit Authority, MTA Bus Company, Metropolitan Transportation Authority and Robert Rivera, which alleges plaintiff's culpable conduct, is stricken; and it is further

**ORDERED** that plaintiff's motion to sever the third-party action (Motion Seq. No. 004) is **DENIED**; and it is further

**ORDERED** that defendants' motion to vacate the note of issue (Motion Seq. No. 005) is **DENIED**.

20241008121353RTSAI23E0E5D38D644026A3E84B57232BEA6C

| 10/8/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **RICHARD TSAI, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| MOTION SEQ. 003 | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| MOTION SEQ. 004 | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| MOTION SEQ. 005 | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**150119/2018   CEPEDA-RODRIGUEZ, JULIO CESAR vs. NEW YORK CITY TRANSIT**
**Motion No.  003 004 005**

Page 8 of 8

[* 8]