■ In the Matter of the Estate ALLEN J. WENZEL, Deceased. KIMBERLY WENZEL, Respondent, et al., Plaintiffs; MARGARET WENZEL, Appellant, et al., Defendants. [925 NYS2d 474]—

Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered August 24, 2010, which, to the extent appealed from, granted plaintiff Kimberly Wenzel's motion for partial summary judgment on the first and third causes of action, and denied defendant Margaret Wenzel's cross motion for summary judgment dismissing those causes of action, unanimously modified, on the law, to grant the motion to the extent of declaring that the residue of decedent's estate be apportioned equally between Margaret Wenzel and Kimberly Wenzel, and to grant the cross motion to the extent of directing that plaintiff Joan Wenzel's share under the inter vivos revocable trust established by decedent on November 22, 2007 (the trust) be reduced by an amount equal to one half of the value of the estate residue, and otherwise affirmed, without costs.

Decedent and his then-wife, Joan Wenzel, entered into a separation agreement which required decedent to execute and keep in effect a will treating their daughter, Kimberly Wenzel, no less favorably than any child of decedent's born afterwards. Decedent then established a trust, which named a subtrust for benefit of Margaret Wenzel (decedent's after-born daughter) and Joan Wenzel as remainderers in equal shares, except that decedent noted his intention to name Margaret Wenzel's resulting subtrust as beneficiary of his individual retirement account and life insurance. On the same day, decedent executed a will which treated Margaret and Kimberly dissimilarly by providing for the residue to be conveyed to the trust.

The parties here could have expressly provided that inter vivos trusts would be deemed to be part of decedent's estate, and subject to the requirement that his children be treated equally under his will. The parties, although undisputedly represented by counsel, made no such provision, and their contract should not be read to contain such an additional term (*see Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]). Nor

is there any dispute that the inter vivos revocable trust which decedent established was a testamentary substitute (*see* Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 5-1.1-A, at 198). Accordingly, the separation agreement's provision requiring decedent to treat Margaret and Kimberly equally under his will should not be construed as extending to his inter vivos revocable trust (*see Blackmon v Estate of Battcock*, 78 NY2d 735, 740 [1991]).

As Margaret concedes, however, the will's residuary clause, which provides for the residue of the estate to be conveyed to the trust, violates the separation agreement, insomuch as the trust by its terms benefits only Margaret and Joan, and not Kimberly. Hence, the residue of decedent's estate should be apportioned equally between Kimberly and Margaret, rather than being conveyed to the trust.

Since no party has appealed the Surrogate Court's dismissal of the complaint's second cause of action, which sought to declare void the trust's in terrorem clause, that clause remains in effect. Accordingly, as provided for in the trust, Joan's share under the trust should be reduced by an amount equal to half of the value of the estate residue. Concur—Andrias, J.P., Friedman, Sweeny, Renwick and Román, JJ.