In the Matter of the Estate of SAMUEL A. GARRASI, Deceased, and the SAMUEL A. GARRASI AND MARY H. GARRASI FAMILY TRUST U/D/T DATED SEPTEMBER 7, 1991. ROBERT GARRASI, as Trustee of the SAMUEL A. GARRASI AND MARY H. GARRASI FAMILY TRUST U/D/T DATED SEPTEMBER 7, 1991, Appellant; MARTIN FINN as Guardian ad Litem, Respondent. [937 NYS2d 370]—

Kavanagh, J.

As for petitioner's contention that it was an abuse of discretion for Surrogate's Court to appoint a guardian ad litem, SCPA 403 (2) provides that the court may, on its own initiative, appoint a guardian ad litem for a person under disability, which includes an infant (*see* SCPA 103 [40]), "whenever such person is a necessary party or for other reason the court deems it necessary . . . to protect the interests of such party." Here, Aggen's execution of what purported to be a valid renunciation of her interest in the trust served to give her son a potential interest in the trust, and a guardian ad litem was appointed to insure that this interest was represented and protected in this proceeding. While the court later concluded that Aggen's renunciation was a nullity because she had previously assigned her interest in the trust to petitioner, a guardian ad litem was needed to protect the child's potential interest in the trust until that determination was made.

Petitioner also takes issue with the amount of counsel fees that Surrogate's Court directed the trust to pay to respondent. A guardian ad litem appointed by the court to represent an infant that has a potential interest in a trust is entitled to reasonable compensation for services rendered (*see* SCPA 405 [1]; *Matter of Jonathan EE. [Barreiro—Alan EE.]*, 86 AD3d 696, 697 [2011]), and this compensation will by paid by the estate, "the interest of the person under the disability," or "for good cause shown, any other party" (SCPA 405 [1] [b], [c]). In determining what constitutes reasonable compensation, the relevant factors to be considered are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel and the results achieved (*see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Matter of Potts*, 213 App Div 59 [1925], *affd* 241 NY 593 [1925]; *see also Matter of Morris*, 57 AD3d 674, 675 [2008]; *Matter of Gutchess*, 117 AD2d 852, 854 [1986], *lv denied* 68 NY2d 609 [1986]). Upon our examination of the record, including respondent's report submitted to Surrogate's Court and the invoices of services rendered, we cannot conclude that the amount the trust was directed to pay for counsel fees rendered by the guardian ad litem represented an abuse of the court's discretion. Petitioner's remaining claims, to the extent they are properly before us, have been reviewed and found to be without merit.

Mercure, A.P.J., Lahtinen, Spain and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.