In the Matter of Samuel A. Garrasi and Mary H. Garrasi Family Trust. G. Robert Garrasi et al., as Cotrustees of the Samuel A. Garrasi and Mary H. Garrasi Family Trust, Appellants; Sallie Hume Garrasi, Respondent. [961 NYS2d 594]—

Mercure, J.P. Appeals from three orders of the Surrogate's Court of Schenectady County (Versaci, S.), entered May 3, 2011, May 24, 2011 and November 10, 2011, which, in a proceeding pursuant to SCPA article 22, among other things, partially sustained respondent's objections to an accounting of a certain trust.

In 1991, Samuel A. Garrasi (hereinafter Garrasi) and Mary H. Garrasi established a trust in their names. Petitioner G. Robert Garrasi (herinafter petitioner) and his sister, petitioner Gail Aggen, are the children of the grantors, as well as co-beneficiaries of the trust and, beginning with their mother's death in 1995, cotrustees with Garrasi. Respondent is the stepmother of petitioner and Aggen, and surviving spouse of Garrasi.[1] In 2003, Supreme Court (Kramer, J.) found Garrasi to be incapacitated in a Mental Hygiene Law article 81 proceeding, appointed a guardian ad litem, and directed petitioner to prepare an accounting of his actions as trustee.

Garrasi died in 2005, and petitioners filed a petition for judicial settlement of the trust, along with an accounting for the period of 1991 to 2006. Although the petition and the accounting listed respondent as having an interest in the trust, petitioner nevertheless moved to dismiss objections filed on her behalf on the ground that respondent lacked standing. Surrogate's Court denied the motion to dismiss and, following trial, the court determined that the accounting was not complete and accurate, that the trustees failed to exercise diligence in managing the trust and that petitioner breached his fiduciary duties by engaging in self-dealing. The court found the trustees jointly

1. The underlying facts involving these parties are more fully set forth in our prior decisions in *Matter of Garrasi* (91 AD3d 1085 [2012]), in which we held that Aggen validly assigned her beneficial interest in the trust at issue to petitioner, and *Matter of Samuel A. Garrasi and Mary H. Garrasi Irrevocable Trust dated July 31, 1991* (91 AD3d 1074 [2011]), involving a separate trust for which petitioner and Aggen were appointed trustees.

and severally liable for surcharges in the amount of $90,495. Petitioner appeals,[2] and we now affirm.

Petitioner's sole contention on appeal is that respondent lacked standing to challenge the trustees' accounting with respect to any action taken prior to Garrasi's death in 2005 because, he maintains, respondent was only a contingent beneficiary of the trust until Garrasi died.[3] We note, however, that respondent was not a named beneficiary of the trust, contingent or otherwise, and does not base her claim of standing on an interest set forth in the trust documents (cf. Matter of Malasky, 290 AD2d 631, 631-632 [2002]). Rather, she was Garrasi's wife at the time of his death, and filed a right of election pursuant to EPTL 5-1.1-A.

It is undisputed that the revocable trust at issue is a testamentary substitute, subject to respondent's right of election as surviving spouse (see EPTL 5-1.1-A [b]; Matter of Reynolds, 87 NY2d 633, 636-637 [1996]; Matter of Wenzel, 85 AD3d 563, 564 [2011]). Where a trustee voluntarily commences judicial settlement of the account of a trust, process must be provided "to all persons who are entitled absolutely or contingently by the terms of the will, lifetime trust instrument or by operation of law to share in the estate" (SCPA 2210 [9]). As Garrasi's surviving spouse, respondent was entitled by operation of law to a portion of the estate, including the trust. While the trust, by its terms, insulates successor trustees—such as petitioner—from responsibility for the actions of prior trustees, it does not otherwise limit the trustees' duty to account for their own actions as trustees. Thus, in our view, respondent was entitled to object to the accounting for the period of time after 1995, during which petitioner was a trustee (cf. Matter of Andrews v Trustco Bank, Natl. Assn., 289 AD2d 910, 912 [2001]).

---

**2.** Although Aggen also appealed, she has failed to perfect her appeal and is therefore not a party to this appeal.

**3.** Although his arguments are addressed to the May 3, 2011 order denying his motion to dismiss for lack of standing, petitioner also appealed from a May 24, 2011 order denying respondent's motion for a directed verdict and the final order entered after trial, surcharging him. Petitioner is not aggrieved by the May 24 order and, in any event, his appeal from both of the interlocutory, nonfinal orders must be dismissed inasmuch as his right to appeal therefrom terminated upon entry of the final order entered after trial; his appeal from the final order brings up for review the May 3 order (see CPLR 5501 [a] [1]; Jackson v State of New York, 94 AD3d 1166, 1167 n 1 [2012]; Doherty v Schuyler Hills, Inc., 55 AD3d 1174, 1175 [2008]). Petitioner has abandoned all other arguments regarding the final order of Surrogate's Court inasmuch as he failed to raise any issues concerning that order in his brief before us (Kocsis v McLean, 32 AD3d 589, 590 [2006]).

The parties' remaining arguments have been considered and found to be lacking in merit.

Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the appeals from the orders entered May 3, 2011 and May 24, 2011 are dismissed, without costs. Ordered that the order entered November 10, 2011 is affirmed, without costs.