Matter of Ross (2020 NY Slip Op 02704)





Matter of Ross


2020 NY Slip Op 02704


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

529952

[*1]In the Matter of the Estate of James Patrick Stewart Ross, Deceased. John V. Janusas, as Executor of the Estate of James Patrick Stewart Ross Deceased, Petitioner; Deborah Ross et al., Appellants, and Jason J. Kovacs, as Guardian ad Litem of Colin Ross, et al., Respondents.

Calendar Date: March 24, 2020

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ. 


Drew, Davidoff & Edwards Law Offices, LLP, Monticello (Michael Davidoff of counsel), for appellants.
Rusk, Wadlin, Heppner & Martuscello, LLP, Kingston (Jason J. Kovacs of counsel), for respondents.



Lynch, J.
Appeal from an order of the Surrogate's Court of Sullivan County (LaBuda, S.), entered May 6, 2019, which, among other things, denied certain respondents' motion to terminate the appointment of the guardians ad litem for decedent's children.
James Patrick Stewart Ross (hereinafter decedent) died in July 2017, survived by his three siblings, respondents Deborah Ross, Sarah Ross and Harry Beach Ross II (hereinafter collectively referred to as the siblings), and his two children, Colin Ross (hereinafter the son) and Alice Ross (hereinafter the daughter) (hereinafter collectively referred to as the children). At the time of decedent's death, the daughter was 22 years old and the son was 17 years old. Decedent's will bequeaths 30% of his estate and any real property to each of his siblings, a sum of money to decedent's former secretary, certain personal property to charitable organizations and 10% of his estate, as well as any residuary estate, to the American Indian College Fund. The will did not name nor exclude the children as the beneficiaries of his estate.
In February 2018, the siblings each signed a form waiving their right to process and consenting both to the probate of the will and the issuance of letters testamentary to petitioner. In May 2018, petitioner filed a petition to probate the will. At that time, the son turned 18 years old. Thereafter, Surrogate's Court, sua sponte, appointed guardians ad litem to represent the son and the daughter pursuant to SCPA 403 on the basis that the children's ages were unknown at the time of the appointment and "out of an abundance of caution," as the children were not named nor excluded in the will. The siblings then filed a motion to withdraw the waivers, for permission to file objections, and for termination of the appointment of the guardians ad litem — as the children were over 18 years old and did not suffer from any disability.[FN1] The daughter, through her guardian ad litem, filed objections to probate. The son, through his guardian ad litem, joined in these objections and objected to termination of the appointment of the guardians ad litem.[FN2] In May 2019, the court, among other things, granted that part of the siblings' motion that sought to withdraw the waivers and file objections, but denied their request to terminate the appointment of the guardians ad litem. The siblings appeal.
The siblings contend that no basis existed for the appointment of the guardians ad litem because the children were not infants or suffered from any disability. "A person under disability who does not appear by his [or her] guardian, committee or conservator . . . shall . . . appear by a guardian ad litem appointed by the court on nomination . . . whenever such person is a necessary party or for other reason the court deems it necessary to appoint a guardian ad litem to protect the interests of such party" (SCPA 403 [2]; see Matter of Garrasi, 91 AD3d 1085, 1086 [2012]). A "[p]erson under disability" includes "an infant" (SCPA 103 [40] [a]) — defined as "[a]ny person under the age of [18] years; provided, however, that for purposes of appointment of a guardian of an infant, the term infant also shall include a person who is under the age of [21] who consents to the appointment of a guardian after the age of [18]" (SCPA 103 [27]).
First, we find that Surrogate's Court properly appointed a guardian ad litem for the son. When petitioner sought to probate the will in May 2018, the son was 18 years old. Although the record does not indicate that the son expressly consented to the appointment of a guardian ad litem, the son appeared in court with his guardian ad litem on August 9, 2018 and, through his guardian ad litem, filed objections to probate and opposed termination of the appointment of the guardians ad litem. In light of the foregoing, the son implicitly consented to the appointment of his guardian ad litem (see SCPA 103 [27]; see generally Matter of Garrasi, 91 AD3d at 1086). The daughter, however, was 22 years old when the petition to probate the will was filed and, as such, does not qualify as an "infant" (SCPA 103 [27]). Further, the record is devoid of any evidence indicating that the daughter was an "incapacitated person" or "incompetent" as to qualify for an appointment of a guardian ad litem pursuant to SCPA 103 (25) or (26). Accordingly, no basis existed for Surrogate's Court's appointment of a guardian ad litem to represent the daughter and, therefore, the court erred in denying that part of the siblings' motion that sought to terminate such appointment.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion by respondents Deborah Ross, Sarah Ross and Harry Beach Ross seeking to terminate the appointment of respondent Bruce Perlmutter as the guardian ad lighten for Alice Ross; said motion granted to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: The Attorney General, appearing on behalf of the charitable beneficiaries named in the will (see EPTL 8-1.1 [f]), filed an affidavit in support of the siblings' request to terminate the appointment of the guardians ad litem on the same basis.

Footnote 2: Initially, Surrogate's Court appointed Kamal Alagh as the daughter's guardian ad litem. However, he was relieved and respondent Bruce Perlmutter was appointed as her guardian ad litem. Respondent Jason J. Kovacs was appointed as the son's guardian ad litem.